PRESTON H. HODGES, Respondent, v. WILLIAM L. BLACK, Appellant.

February 24, 1880.

1. Where the answer, after admitting the plaintiff's *prima facie* case, sets up a purely equitable defence, this converts the case wholly into an equitable proceeding.

2. The adjustment of partnership accounts is a matter of equitable jurisdiction.

3. Where there is substantial evidence to support a finding, appellate courts will not inquire as to its weight.

4. *Semble* that in Missouri, negotiable paper taken without notice, before maturity, as absolute payment of an antecedent debt and not merely as collateral, though the debt thus discharged is a simple contract debt, and no security is given up, places the holder in the position of an innocent holder for value, not affected by any equities between the original parties to the notes.

APPEAL from the St. Louis Circuit Court.
*Affirmed.*

SILAS B. JONES, for the appellant : No action can be maintained at *law* by one partner against his copartner on account of the partnership concerns until a final settlement has been reached and a balance struck between them. — *Stothert* v. *Knox*, 5 Mo. 112 ; *Springer* v. *Cabell*, 10 Mo. 640 ; *McKnight* v. *McCutchen*, 27 Mo. 436 ; *Smith* v. *Smith*, 33 Mo. 557 ; *Scott* v. *Caruth*, 50 Mo. 120 ; *Bond* v. *Bemis*, 55 Mo. 524 ; *Leabo* v. *Renshaw*, 61 Mo. 292 ; *Ives* v. *Miller*, 19 Barb. 196 ; *Richardson* v. *Bank*, 4 Myl. & Cr. 165 ; *Stoddard* v. *Wood*, 9 Gray, 90 ; Story on Part., sect. 219. " The balance against every partner on partnership account is, like every other debt to the partnership, a part of the stock or property of the partnership ; all this is first bound to the debts of the firm, and after these are paid, it all belongs to the partners severally, in due proportion." — Pars. on Part. 269 ; Story on Part., sects. 97, 326, *et seq.* ; 1 Collyer on Part. (6th ed.) 186 *et seq.* ; *Flannigan* v. *Alexander*, 50 Mo. 50 ; *Ackley* v. *Staehlin*, 56 Mo. 558 ; *Price* v. *Hunt*, 59 Mo. 258. The interposition of an *equitable defence* does not change the nature of the action, or give the court the right to try it without a jury. — *Wolff* v. *Schaeffer*, 4 Mo. App. 367 ; *Carter* v. *Prior, post*, p. — ; *The State ex rel.* v. *Meagher*, 44 Mo. 356, 362. Negotiable paper, payable to the order of the payee, may be transferred as well with as without indorsement. But whether transferred in the one or the other mode makes a very material difference as to the rights of the transferee. — *Patterson* v. *Cave*, 61 Mo. 439. Mere possession by respondent of the notes did not prove their indorsement. The mere possession of negotiable paper by a person other than the payee to whose order it is payable is not evidence of ownership of the paper in such person. — 1 Dan. Neg. Inst. (2d ed.), sect. 741 ; *Hull* v. *Conover*, 35 Ind. 372 ; *Dorn* v. *Parsons*, 56 Mo. 601. We assert the law to be, that under what circumstances the maker of a note can set up equities existing between himself and the payee of the

note against an indorsee thereof is to be determined by the law of the place where the note is executed and is to be paid, and not by the law of the forum. — Story on Prom. Notes, sects. 168, 172 ; Story on Bills, sect. 163 ; Story on Confl., sects. 332, 346 ; 2 Pars. on Notes & Bills, 338 ; *Ory* v. *Winter*, 4 Mart. La. (N. S.) 277 ; *Stacy* v. *Baker*, 2 Ill. 217 ; *Woodruff* v. *Hill*, 116 Mass. 310. The mere taking of negotiable paper in payment of an antecedent debt renders the transferee a holder for value. — *Goodman* v. *Simonds*, 19 Mo. 106.

GARESCHÉ & GARESCHÉ, for the respondent : It is no defence to this action that, at the time of the execution and delivery of the notes in suit, the defendant entered into an oral contemporaneous agreement whereby the notes were to be paid only on a contingency. — 2 Pars. on Notes & Bills, 506 ; *Jones* v. *Shaw*, 66 Mo. 667 ; *Carter* v. *Hamilton*, 11 Barb. 147. And, *à fortiori*, not against an indorsee. — 2 Pars. on Notes & Bills, 508 ; *Smith's Administrator* v. *Thomas*, 29 Mo. 307 ; *Massman* v. *Holschner*, 49 Mo. 86 ; *Henshaw* v. *Dutton*, 59 Mo. 139 ; *Bradley* v. *Bentley*, 8 Vt. 243. Possession of the notes in suit makes Hodges *prima facie* an innocent holder for value. Hence, prior to the introduction of any evidence in support of this defence, it was first necessary for defendant to prove that plaintiff was not an innocent holder for value. — *Greer* v. *Yosti*, 56 Mo. 307 ; *Bennett* v. *Torlina*, 56 Mo. 309 ; *Merrick* v. *Phillips*, 58 Mo. 436. It was necessary that the indorsee have express notice, in order to defeat his right to recover. — *Hamilton* v. *Marks*, 63 Mo. 167 ; *Bank* v. *Stoneware Co.*, 4 Mo. App. 276 ; *Edwards* v. *Thomas*, 66 Mo. 466. But even if Hodges had taken these notes in payment and extinguishment of a preëxisting debt, without having given any actual cash for them at the time of the transfer, we would yet maintain that he is an innocent holder for value. — *Swift* v. *Tyson*, 16 Pet. — ; 1 Pars. on Notes & Bills, 221 ; Byles on Bills (6th ed.), 198 ; *Logan* v. *Smith*, 62 Mo.

455 ; *Burns* v. *Rowland*, 40 Barb. 368 ; *Pratt* v. *Coman*, 37 N. Y. 440 ; *Lewis* v. *Rogers*, 2 Johns. 64.

BAKEWELL, J., delivered the opinion of the court.

This is an action by the indorsee against the maker of two negotiable promissory notes, alleged to have been acquired by plaintiff before maturity for value.

The answer is a general denial, and sets up further, as a special defence, that in March, 1873, defendant (Black) and one Aspell were partners in business in New York, each equally interested ; that the partnership was then dissolved, the firm being insolvent, and leaving no assets ; that Aspell and Black then made a temporary casting up of the affairs of the firm, computing its indebtedness at $4,311 ; that this was an error, various amounts due by the firm, aggregating $2,550, having been overlooked ; that at the same time it was found that Black had drawn out $1,764 more than Aspell, and that at Aspell's request Black executed and delivered to Aspell the notes in suit, to make this up ; that Aspell then and there promised Black that he would furnish one-half of the money to pay the debts of the concern, which then amounted to over $6,000, and that the notes in suit were given as a mere memorandum to be used on final settlement, and that it was then agreed that any excess that Black should pay over and above his share of the debts should be deducted from these notes ; that Black has paid all the debts of the concern ; that no final settlement has been had ; that such a settlement would sweep away these notes, and leave Aspell indebted to Black for more than $500 ; that Aspell has not repaid anything to Black, and that Aspell is insolvent, and cannot be found in Missouri ; that the notes in suit were made and delivered to plaintiff in New York, and that plaintiff acquired them after maturity, and gave no value for them, and took them with full notice of the circumstances detailed in the answer ; that Aspell is the owner of the notes, and that plaintiff holds

them as agent of and in trust for Aspell; and that if defendant is compelled to pay the notes he will be irreparably injured.

When the pleadings were read at the trial, the court, against the objection of appellant, discharged the jury, regarding the proceeding as equitable in its nature. There was a finding and judgment for plaintiff.

Notwithstanding the general denial, the answer of defendant, on any fair construction, admits the *prima facie* case of plaintiff. It is said that it does not admit the indorsement of the note. It is true that the answer opens with a formal general denial. But most of the allegations in the petition thus traversed are, in the subsequent statements of the answer, admitted — at least by implication. It does not clearly and unequivocally appear what plaintiff intends really to deny by his general denial. There is nothing in the answer to give notice that an issue is to be made on the trial as to the indorsement. On the contrary, the answer avers that plaintiff holds the notes, but as trustee for Aspell. This may well be taken that he is the legal holder of the paper by assignment in the usual way, as alleged in the petition. On the whole answer, it does not plainly and unequivocally appear that defendant means to put in issue the indorsement; and we think the *prima facie* case may be fairly regarded as admitted by the pleadings.

This being so, if the defence was equitable, there was no issue of fact to submit to a jury. The interposing an equitable defence does not convert an action at law into a proceeding in equity; but, when the *prima facie* case of plaintiff is admitted, the answer, though purely defensive in its nature, may convert the case wholly into an equitable proceeding, and does so if the defence is equitable in its nature.

That it is so in the present case seems clear. The defence presented in the answer involves the adjustment between partners of partnership accounts.

The evidence in this case is undisputed that plaintiff took these notes before maturity, and that he had no notice of

any equities between the original parties to the paper.    Nor is there any doubt, on the evidence, that they were taken either for an antecedent debt or partly for an antecedent debt, and partly for cash paid at the time of their delivery. The testimony in regard to this is that of Aspell and Hodges, and appellant claims that it is not accordant.    If negotiable paper be taken without notice, before maturity, in absolute payment of a simple contract debt, then due and unsecured, and not merely as collateral to it, though no security was given up for the notes, the mere giving of time would seem to be the parting with a valuable right which plaintiff had ; and, though we do not know that the point has been directly ruled in this State, we incline to think that the rule in Missouri would be taken to be, that this places plaintiff in the position of an innocent holder for value.    The question has been much agitated, and the rule varies in the several States.

Appellant, however, contends that, the notes being made in New York, being acquired there and made payable there, the *lex loci contractus* and not the *lex loci fori* is to be applied ; and he introduced on the trial two New York cases — *Weaver* v. *Barden*, 49 N. Y. 287, and *Turner* v. *Treadway*, 56 How. Pr. 28 — as evidence of the common law of New York.    He claims that the New York rule is, that the taking of commercial paper in payment of an antecedent debt, without something more, does not render a party a holder for value protected against the equities of the original parties.

We need not go into that question at all.    In this case there was evidence of something more than an antecedent debt.    The court gave declarations of law at the instance of appellant, and refused declarations of law asked ; and it is evident from the testimony, taken together with the action of the trial court in giving and refusing declarations of law, that the learned judge must have held that the notes were acquired by plaintiff for value, before maturity, and were not affected by these alleged equities.    One who takes a note

before maturity merely as collateral for a preëxisting debt, where the facts are such as to raise a new consideration, is not regarded in Missouri as a holder for value free from all equities between the original parties. *Terry* v. *Hickman*, 1 Mo. App. 119. In New York, no distinction is made between the case of one who takes the note merely as collateral, and that of one who takes it in absolute payment of an antecedent debt, as appears from the cases introduced on the trial and cited above. If the debt paid is a simple contract indebtedness, not evidenced by any writing, it is held in New York that nothing is surrendered for the note — that no value is parted with to obtain it. It appears that this cause was tried upon the theory that it is to be governed by the New York rule — that to make plaintiff a holder for value of these notes so as to protect him against any defence that the maker may have against the payee, he must have parted with something to obtain them, and that the taking them as payment was a parting with nothing. But the evidence of Aspell is that he transferred the notes to plaintiff for money he then owed him ; that he does not remember that he received any money at the time, but that he was trying to borrow more from plaintiff at the time of the transfer ; and Hodges swears that he paid about $2,600 for the notes — about $1,600 before the transfer and about $1,000 in cash at the time he took them. His testimony is very positive as to the matter, and we do not see that it is contradicted. The evidence that Hodges paid something for the notes at the time, seems to have been satisfactory to the trial judge, and we think the weight of the evidence is so.

We see no reason for disturbing the judgment. We are not to be considered as intimating any opinion that the facts stated in the answer constitute, in any case, a defence to the notes in the hands of plaintiff.

The judgment of the Circuit Court is affirmed. Judge LEWIS is absent ; Judge HAYDEN concurs.