S. F. Hess et al., Appellants, v. M. L. Clark et al., Respondents.

#### February 28, 1882.

1. The giving of a declaration of law, by the court before whom the cause is tried without a jury, to the effect that upon the pleadings and evidence the plaintiff is not entitled to recover, is not equivalent to sustaining a demurrer to the evidence.

2. In such a case, where no other declaration of law is asked or given, the record stands as if none had been given, and it will be assumed that the court found for the defendant upon the evidence.

3. If the evidence as to a material fact is conflicting, and a given finding thereon is necessary to sustain the judgment, it will be presumed that such finding was made.

4. One who, in good faith, takes personal property for an antecedent debt, will be treated as a purchaser for value, and will be protected against a claim of the original owner, to the same extent as if he had just purchased it for value.

Appeal from the St. Louis Circuit Court, Thayer, J. *Affirmed.*

H. A. & A. C. Clover and William F. Wernse, for the appellants: One to whom property has been conveyed in payment of antecedent debts, is not a *bona fide* purchaser, and cannot hold the property as against the vendor.— *Downs* v. *Belden*, 46 Vt. 674; *Miner* v. *Willoughby*, 2 Minn. 225– 239; *Bomard* v. *Campbell*, 58 N. Y. 73; *McLeod* v. *Bank*, 42 Miss. 99.

McComas, McKeighan & Jones and George M. Forster,

for the respondents: One who takes personal property or negotiable paper in payment of an antecedent debt, is a *bona fide* purchaser for value. — *Butters* v. *Haughwout*, 42 Ill. 18, and cases cited; *Lee* v. *Kimball*, 45 Me. 172; *Green* v. *Kennedy*, 6 Mo. App. 577. If there is any legal evidence which tends to uphold the finding and judgment below, in a case tried by the court sitting as a jury, the appellate court will not interfere with the finding of the court as to the facts, but will assume that the court found the facts correctly. — *Hamilton* v. *Boggers*, 63 Mo. 233; *Waddell* v. *Williams*, 50 Mo. 219; *Tucker* v. *Railroad Co.*, 54 Mo. 177.

BAKEWELL, J., delivered the opinion of the court.

This was an action of replevin for a lot of cigarettes. The goods were taken from defendants by the sheriff and delivered to the plaintiffs. On the trial a jury was waived, and the cause was tried by the court. The finding was, that the plaintiff is not entitled to recover, and that defendants are entitled to a return of the goods or their value. Judgment was entered accordingly, and the value of the goods was assessed at $460.

At the close of plaintiffs' case, defendants asked an instruction to the effect that under the pleadings and evidence plaintiffs cannot recover, and the defendants are entitled to a return of the goods or their value. It is necessary at the threshold to determine the effect of this declaration of law, which was the only declaration of law asked or given in the case.

Where a case is tried by the court without a jury, if no declarations of law appear and there are no special findings of facts, and the case is not a proceeding in equity in which the appellate court reviews the facts and weighs the evidence, the judgment ought not to be reversed on appeal as unsupported by evidence, if on any possible theory of the law applied to any possible finding of facts, supported by substantial evidence, the judgment can be sustained. Where

a case is tried by a jury, an instruction to the effect that on the facts in evidence the defendant is entitled to a verdict, is in effect a declaration that a demurrer to the evidence ought to be sustained. In giving such an instruction, the court takes from the jury the consideration of the facts in evidence, on the theory that, giving the most favorable construction to every fact in evidence which goes to support plaintiff's case, there is no substantial evidence from which an inference can be fairly drawn, which will warrant a verdict for the plaintiff. But where the cause is tried without a jury, no reason appears why the giving of an instruction that on the pleadings and evidence plaintiff is not entitled to recover, should be looked upon as having the effect of sustaining a demurrer interposed by defendant to the plaintiff's evidence. By the act of the parties, the court has been made the trier of the facts, and, in such a case, a declaration that on the pleadings and evidence plaintiff is not entitled to recover, seems to have no other meaning than this, that the court, upon the admissions and evidence, finds for defendant. Not that there is no evidence which might warrant a finding for plaintiff, but that, taking the whole evidence together, and applying to it the law applicable to such facts as the trier of the facts finds, the court trying the facts finds for defendant upon the whole evidence.

No other instruction being asked in the present case, we must affirm this judgment unless it appears that the trial court erred in the admission or exclusion of evidence. *Continental Bank* v. *Bradley*, *post*. p. ——. But appellants do not pretend that any such error appears on the record. Their contention is, that, conceding that certain facts were proved, then, on what they conceive to be the law applicable to those facts, plaintiff was entitled to a judgment. We can say, on examining a record, that there was a total absence of proof of certain facts, and that proof of those facts was a condition precedent to recovery. But in a case where we are not the legally appointed triers of the

fact, it does not appear how we are to say, in the face of a contrary finding by the trial court, that such and such facts were proved. Nor in such a case can we say, if there was any evidence of a substantial character tending to prove a certain fact which is the only controverted fact in the case, that such a fact was not proved, if the judgment cannot be sustained unless such facts were found. If there is conflicting testimony as to one material fact which, if found, would warrant a finding for defendant, if no instructions are asked or given, and there is a finding for defendant, it must be presumed that such fact was found, if such presumption be necessary to support the judgment. In the case at bar, the following facts appear from the pleadings and evidence, and are undisputed. There is no question as to them.

Towards the end of June, 1880, plaintiffs were carrying on the tobacco business in Rochester, New York, and one Wells was dealing in tobacco in St. Louis. An agent of plaintiffs called on Wells for the purpose of introducing through Wells, to the St. Louis trade, a certain brand of cigarettes. In consequence of what passed between this agent and Wells, one hundred thousand cigarettes were delivered by plaintiffs to Wells. A month afterwards, Wells, being indebted to defendants, in consideration of that indebtedness, conveyed to defendants his whole stock in trade contained in his store, amongst which was the property in question, the remainder of the lot of cigarettes that had not yet been sold by Wells. Plaintiffs in this action replevied these goods from defendants, claiming that they had not been sold by them to Wells, but delivered to Wells to sell on commission.

Appellants contend here: 1. That there is no evidence to warrant a finding that the cigarettes were sold to Wells. They say that the fair inference from the evidence is, that the goods were delivered by plaintiffs to Wells to be sold by him on commission on plaintiffs' account. 2. They contend that the law of the case is, that one who takes personal

property (except in the case of negotiable paper) for an antecedent debt is not a purchaser for value.

As to the first proposition, it is clear that there was some evidence from which the trier of the facts might find that the cigarettes in question were really sold by plaintiffs to Wells, and not merely delivered to him to sell on commission. The bill shipped to Wells with the goods was as follows : —

"Rochester, N. Y., July 6, 1880. Mr. M. S. Wells, bought of S. F. Hess & Co. (Terms cash, sixty days.)

| | |
|---|---:|
| 100 M Cigarettes, $6 . . . . . . . . . . . | $600 00 |
| Less 20 per cent . . . . . . . . . . | 120 00 |
| | $480 00 |
| Less 2½ per cent . . . . . . . . . . | 12 00 |
| | $468 00" |

And plaintiffs' witness testified that the agent wanted to sell the cigarettes to Wells ; that Wells was unwilling to take them ; that the agent said his firm were not in the habit of selling them on commission, but would send the goods, and that at the end of sixty days Wells could pay for what was sold, and return the rest, or pay for them, as he pleased. Hess & Co. retained no control over the goods. They put it in the power of Wells to show that he had bought the goods out and out. Wells himself says he was not to receive a commission, but was to have for his profit all he could get over $4.80 a thousand, which was the price he was to pay for the cigarettes.

As to the second proposition. It is held in New York, that one who takes personal property in payment of an antecedent debt, is not to be protected as a purchaser for value, but stands in the shoes of the vendor. But in New York, this is the rule even in the case of the purchaser of negotiable paper before maturity. *Bomard* v. *Campbell*, 58 N. Y. 73. In Missouri the rule is otherwise as to the

purchaser of negotiable paper. One who takes such paper, before maturity, for an antecedent debt, is no more affected by any equities between the parties to the paper, than he would be if he paid value for the paper at the time of taking it. *Green* v. *Kennedy*, 6 Mo. App. 577. Those states that follow the New York rule as to negotiable paper, probably apply that rule to all other personal property. But in Illinois, where the rule as to taking negotiable paper for an antecedent debt is that which is also adopted in Missouri, that rule is applied to all personal property, and it is held that where goods are sold and delivered to a creditor by his debtor in payment of an antecedent debt, such creditor, if he acts in good faith, is a purchaser for a valuable consideration, and will be protected against any claim of the original owner, just as he would have been had he paid a new consideration for the goods at the time he purchased them. *Butters* v. *Haughwout*, 42 Ill. 18.

If, then, the trial court found, as it may have found, that Wells bought these cigarettes of plaintiffs, and further found, as it may have found, that defendant, in good faith took the cigarettes of Wells in payment of an antecedent debt, and further found as a matter of law, that one who in good faith takes personal property for an antecedent debt is a purchaser for value, it must necessarily find for defendant, as it did.

The defendant chose to ask no declarations of law from the court, and as no declarations of law, except one to the effect that the court finds for defendants upon the whole case, were asked or given, we cannot pronounce with certainty what facts were found by the trial court or upon what theory of the law the judgment was given. Every presumption is to be indulged in favor of the action of that court. It seems probable that the court did find a sale to Wells, and that defendants took the goods *bona fide* in payment of an antecedent debt of Wells to them, and that as a

matter of law upon these facts defendants were in the position of *bona fide* purchasers for value.

If it clearly appeared from the record that such were the findings of law and facts, we see nothing in the findings which would warrant a reversal of the judgment.

The judgment is affirmed.    Judge LEWIS is absent ; Judge THOMPSON concurs.