DEERE *et al.*, *Appellants*, v. MARSDEN, *Interpleader*.

1. **Promissory Note**: HOLDER FOR VALUE. One who takes a note as collateral security for a debt then created is a holder for value.

2. —— : ——. So one will be a holder for value who so takes a note for a pre-existing debt, if there is an express agreement on his part to forbear suit until the collateral shall mature.

*Appeal from Jefferson Circuit Court.*—HON. J. W. EMERSON, Judge.

AFFIRMED.

*Chas. A. Davis* and *W. H. H. Thomas* for appellants.

(1) The court erred in refusing instruction asked for by plaintiffs, as it contained the law governing the case. (2) The evidence does not disclose that the mortgage here in controversy, given by Jones, the defendant, to Marsden, the interpleader, was given for value, or for any consideration other than a past or antecedent debt. (3) The mortgage is nothing more than a collateral security. (4) In the case at bar there can be no distinction between an attaching creditor and a judgment creditor. (5) It is a well and long settled principle of the Supreme Court of this state, that, "a party to whom negotiable paper is transferred merely as collateral security, will hold it subject to all the equities existing between the original parties." *Goodman v. Simonds*, 19 Mo. 107; 2 Mo. App. 490.

*Dinning & Byrnes* for interpleader.

(1) Revised Statutes, section 2353, does not give the vendor a lien upon the property sold. It only confers upon

him the right to levy his execution upon it except in the hands of an innocent purchaser for value received, without notice of the existence of such prior claim for purchase money. The interpleader was an innocent purchaser for value and without notice within the meaning of said section. (2) The note given by Jones to the interpleader extended the time of the payment of the former's indebtedness and the interpleader was, therefore, a purchaser for value. Jones on Chattel Mortgages, sec. 81; *Smith v. Worman*, 19 Ohio, 145; *Kranert v. Simon*, 65 Ill. 344; *Wright v. Bundy*, 11 Ind. 398; *Paine v. Benton*, 32 Wis. 491; *Butters v. Haughwout*, 42 Ill. 18.

BLACK, J.—The plaintiffs instituted this suit by attachment against Thomas J. Jones on a note for one hundred dollars. The officers levied upon two buggies and a wagon as the property of Jones. R. Marsden interpleaded for the property and had judgment therefor. Plaintiffs sold the property to Jones on the twenty-sixth of June, 1882, and it is admitted that the note sued upon was given for the balance of the purchase price of the property. It is also agreed "that on the twenty-fifth day of September, 1882, Thomas J. Jones was largely indebted to R. Marsden, the interpleader, by debts due directly from him to said R. Marsden. He, the said Thomas J. Jones, on the twenty-fifth day of September, A. D., 1882, executed a note for seven hundred dollars and a chattel mortgage to secure said note for said past indebtedness, and said R. Marsden took possession of said property under said mortgage, and default in payment of said note had been made, and was proceeding to sell the same when the levy was made in this cause." This was all the evidence.

The plaintiffs asked the court to declare the law to be that interpleader was not a purchaser for value, which was refused. The propriety of this ruling is the only question urged in this court, and from the pleadings and

instructions it would seem to be the only question pre-sented in the trial court. Plaintiffs claim the property by virtue of section 2353, Revised Statutes, 1879.

One who takes a note as collateral security for a debt then created is a holder for value. *Logan v. Smith*, 62 Mo. 455. As to a pre-existing debt, if there is an express agreement on the part of the creditor to forbear suit until the collateral shall mature, the agreement to delay constitutes the transferee a holder for value. Dan. Neg. Inst. [3 Ed.] section 829 ; *Oates v. Nat'l. Bank*, 100 U. S. 247. The extension of time for the payment of the past indebtedness, if for a day only, constitutes a new and sufficient consideration. *Smith v. Worman*, 19 Ohio St. 148. The agreed facts in this case are far from being clear, but taking them in connection with the pleadings, we conclude some time was given Jones by the note taken from him by Marsden for the past indebtedness. This being so, Marsden was clearly a purchaser for value. *Goodman v. Simonds*, 19 Mo. 107, only holds that one who takes a bill merely as a collateral security for a pre-existing debt, having given no value or consideration for it, holds it liable to the equities of the original parties.

The judgment is affirmed. All concur.