LOUIS FEDER *et al.*, Appellants, v. MICHAEL ABRAHAMS *et al.*, Respondents.

St. Louis Court of Appeals, January 3, 1888.

1. SALE BY DEBTOR TO CREDITOR—PURCHASER FOR VALUE.—A creditor who takes property from his debtor by way of payment on the indebtedness, and not as a security only, is a purchaser for value.

2. SALE, FRAUDULENT.—Fraud, in a sale, is not to be inferred from the mere fact that the vendor is indebted at the time.

3. REPLEVIN, WHEN NOT MAINTAINABLE.—The action of replevin cannot be maintained when the defendant has neither possession nor control of the property sued for.

4. PRACTICE—DEFAULT.—The better practice is, to enter judgment by default against a non-answering defendant before the jury are empaneled. But a failure to do so in time is not error, nor will it prevent a dismissal as to such defendant when the record shows that there is no cause of action against him.

APPEAL from the St. Louis Circuit Court, HON. LEROY B. VALLIANT, Judge.

*Affirmed.*

EDWARD CUNNINGHAM, for the appellants : A sale made in reliance upon false and fraudulent representa-

tions as to the financial responsibility of the vendee may be rescinded by the vendor, unless the goods have, prior to such rescission, fallen into the hands of an innocent purchaser for value. 'One who takes goods in satisfaction of a precedent debt is not such an innocent purchaser for value, unless a new consideration moves from him. *Hess v. Clark*, 11 Mo. App. 492; *Milling Co. v. Turner*, 23 Mo. App. 103; *Deere v. Marsden*, 88 Mo. 512; *Oates v. Bank*, 100 U. S. 247; Benjamin on Sales [Corbin's Ed.] sec. 649. A sale of personal property must be accompanied by the statutory requirements as to change of possession, or it is void as against creditors. Rev. Stat., sec. 2505; *Worley v. Watson*, 22 Mo. App. 546; *Coover v. Johnson*, 86 Mo. 538; *Hisey v. Goodwin*, 90 Mo. 366.

A. BINSWANGER, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

The plaintiffs brought an action of replevin against both defendants for the recovery of certain goods, and obtained an order of delivery. The sheriff made return that he took the property out of the possession of Desberger, one of the defendants, and delivered it to one of the plaintiffs. Desberger appeared and answered, denying plaintiffs' ownership and right of possession. Abrahams failed to answer.

Upon the trial the plaintiffs gave evidence tending to show that the goods were sold by them on credit to defendant, Abrahams, July 26, 1886. They also gave evidence tending to show that Abrahams, at that time and prior to the sale, represented his indebtedness as only three thousand dollars, while, in point of fact, it was over seven thousand dollars, it being admitted that he was indebted to Desberger alone, at that date, in the latter amount, and that such indebtedness had increased, at the date of the sale hereinafter stated, to ten thousand dollars, and more.

They also gave evidence tending to show that, at

the date of the seizure of the goods on the writ of replevin, they were in a store formerly occupied by Abrahams, but, at that date, in the exclusive possession of Desberger; that the signs about the store indicated Desberger's claim of ownership; that the seizure was made October 13, 1886, and the transfer from Abrahams to Desberger October 11, 1886, by bill of sale purporting to convey the property to Desberger for a recited consideration of $10,752.49. A schedule attached to the bill of sale showed a valuation of the goods at $12,288.56, and a receipt for the consideration mentioned, which was 12½ per cent., or $1,536.07, less than such valuation.

The plaintiff also gave evidence tending to show that, on the day of the transfer, and shortly thereafter, a number of attachment suits were begun against the defendant, Abrahams, by his creditors.

This being all the evidence the court, upon request of the defendant, Desberger, instructed the jury to find a verdict in his favor, which they did; whereupon the court entered judgment in favor of Desberger for the property or its ascertained value, at his election (such value being agreed on between the parties), and dismissed the suit as to defendant, Abrahams. This action of the court is the sole error complained of on this appeal.

The plaintiffs contend that there was substantial evidence tending to show that the goods were obtained on the faith of representations made by Abrahams to plaintiffs at the date of the purchase, and that such representations were false; that this question should have been submitted to the jury. They further contend that there was evidence tending to show that the consideration from Abrahams to Desberger was a preëxisting debt, and not a new and independent consideration so as to constitute Desberger a purchaser for value. From these propositions the plaintiffs conclude that they were entitled to judgment against Abrahams at all events, and if their second proposition is correct, against Desberger also.

The bill of sale was given in evidence by plaintiffs. It recites a valuable consideration. *Prima facie*, the conveyance was *bona fide*, and fraud could not be inferred from the mere fact that the vendor was in debt at the time of the transfer. The goods were found in possession of the vendee shortly after the sale, with *indicia* of his ownership surrounding them. As all these facts were shown by the plaintiffs' own testimony, and there was no other evidence which would tend to show the sale fraudulent under the statute, there was nothing to submit to the jury on that question.

Assuming, however, that there was some evidence which authorized the jury to infer that the entire consideration named consisted of a preëxisting debt from Abrahams to Desberger, and yet Desberger would still be a purchaser for value under the decision of this court in *Hess v. Clark* (11 Mo. App. 492), to which ruling, in the absence of a contrary rule laid down by the Supreme Court, we must adhere. Plaintiffs claim that the decision in *Deere v. Marsden* (88 Mo. 512) questions the rule stated in *Hess v. Clark*. This, however, is an obvious mistake. The Supreme Court in that case simply reaffirms a proposition, which has been the law of the state since *Goodman v. Simonds* (19 Mo. 107), that one who takes *collaterals* for a preëxisting debt without any new consideration to support the transfer is not a purchaser for value of such *collaterals*.

This disposes of any claim that plaintiffs have shown any cause of action against Desberger, the only substantial defendant.

Plaintiffs further complain that the judgment is irregular; that they were entitled to judgment against Abrahams, if not against Desberger, because Abrahams had failed to answer, and had thereby admitted the allegations of plaintiffs' petition to be true as far as he is concerned, and that, therefore, the court committed error in dismissing their petition against him. This argument rests upon a misconception of the action of replevin. That action cannot be maintained in this

state when the defendant has neither possession nor control of the property at the date of the institution of the suit. *Davis v. Randolph*, 3 Mo. App. 454, 458. As it affirmatively appeared, as well by the sheriff's return as by the plaintiffs' own testimony, that Abrahams had neither possession nor control of the goods at the date of the institution of the suit, no judgment could be rendered against him *in this action*. It would be folly to say that a plaintiff is entitled to judgment on the implied admission arising upon failure to answer by one of several defendants jointly sued, when it conclusively appears, by other parts of the record, that he had no cause of action against him.

The court placed this part of its judgment on the ground that plaintiffs had failed to take timely judgment by default against Abrahams. This view was erroneous, but as the error was in no way prejudicial to plaintiffs, for the reasons above stated, and as the result was correct, there is nothing for review here on that branch of the case.

In order to avoid similar complications in other cases in the future, we may add that, while not absolutely essential, it is unquestionably the better practice that a judgment by default should be entered against defendants not answering before the jury is empaneled, so that the same jury may be sworn to try the issues between the parties pleading, and to inquire into the damages to be assessed against the parties in default.

Judgment affirmed. All the judges concur.