NAPA VALLEY WINE COMPANY, Respondent, v. JAMES B. RINEHART, Defendant ; THE GERMAN-AMERICAN BANK, Interpleader, Appellant.

Kansas City Court of Appeals, November 10, 1890.

1. Attachment: SELLER'S LIEN ON PERSONAL PROPERTY. The right of a seller conferred by section 4914, Revised Statutes, 1889, to subject the personal property sold by him to the payment of the purchase price thereof, can be enforced by attachment under circumstances justifying a suit by attachment against the vendee.

| 42 | 171 |
| 54 | 407 |
| 56 | 152 |

| 42 | 171 |
| 128m | 405 |

| 42 | 171 |
| 63 | 108 |

| 42 | 171 |
| 65 | 373 |
| 66 | 369 |
| 67 | 103 |

| 42 | 171 |
| 137m | 42 |

| 42 | 171 |
| 74 | 262 |
| 74 | 440 |

2. **Seller's Lien**: MORTGAGEE TO SECURE ANTECEDENT DEBT NOT AN INNOCENT PURCHASER. A mortgagee of the vendee in possession of the personal property sold by the vendor to the vendee, where the sole consideration of the mortgage was a debt, which existed at the time of the sale of the property on which the mortgage was afterward given, is not an innocent purchaser for value, without notice, within the meaning of the statute.

3. ———: ———: CASES REVIEWED AND RULES DEDUCED. A review of the Missouri cases furnishes the following conclusions : *First.* That the rule as to taking negotiable paper for an antecedent debt is applicable to the taking of personal property for that purpose. *Second.* That the holder of negotiable paper as collateral for a pre-existing debt, having given no consideration for it, holds it liable to the equities existing between the original parties. *Third.* That the taking of negotiable paper as collateral security for a debt created at the time on the faith thereof without notice of equities renders the taker a holder for value. So, the taking of negotiable paper as collateral for a pre-existing debt where there is an express agreement that the creditor will forbear suit until the maturity of the collateral. So, also, where there is an extension of time for the payment of past indebtedness, if for a day only. So, also, where negotiable paper is taken in extinguishment or satisfaction of a pre-existing debt then due and unsecured.

4. ———: ———: RULE IN UNITED STATES COURT. In the United States supreme court, the rule as to taking commercial paper as collateral to a pre-existing debt, is that the taker without notice is an innocent holder, but the rule as to property is the same as in this and other states.

*Appeal from the Buchanan Circuit Court.*—Hon. OLIVER M. SPENCER, Judge.

AFFIRMED.

*H. S. Kelley,* for appellant.

(1) The court erred in refusing the instructions asked by interpleader. The first was that, under the pleadings and evidence, the finding should be for the interpleader. The second was to the effect that plaintiff had no lien on the goods for the unpaid purchase money, and the same were not subject to attachment in

a suit against Rinehart for said purchase price. The statute, Revised Statutes, 1889, section 4914, does not give the vendor a lien on the goods sold for the price. *Parker v. Rodes*, 79 Mo. 88; *Norris v. Brunswick*, 73 Mo. 256; *Haworth v. Franklin*, 74 Mo. 106. It simply makes such property subject to execution on a judgment against the purchaser, and does not exempt it from sale on execution, except in the hands of an innocent purchaser, for value, without notice that the purchase money had not been paid, and the burden of proving such notice is on the plaintiff. *Range Co. v. Alexe*, 28 Mo. App. 184; *Woolfolk v. Kemper*, 31 Mo. App. 421. Rinehart had no attachable interest in the goods. Plaintiff cannot enforce an equity by attachment. *Atwood v. Hale*, 17 Mo. App. 81; *Lackland v. Garesche*, 56 Mo. 267; *Becham v. Tootle*, 19 Mo. App. 596; *Woolfolk v. Kemper*, 31 Mo. App. 421; 15 Mo. App. 444. Goods mortgaged and in the possession of the mortgagee, after condition broken, are not subject to seizure by attachment or execution. *Sexton v. Monks*, 16 Mo. 156; *King v. Bailey*, 8 Mo. 332; 16 Mo. 317; 15 Mo. 443; 51 Mo. 163. (2) The court erred in refusing instruction number 4, asked by interpleader, which was to the effect that, although the chattel mortgage was given to secure a pre-existing debt, a note for four thousand dollars, said debt was such a consideration as to constitute mortgagee a purchaser for value, and the finding must be for the interpleader, unless interpleader had notice, at the time of receiving the mortgage and possession of the goods, that the purchase price had not been paid. The instruction raises the question whether a mortgagee in a mortgage given to secure a *bona fide*, but pre-existing, debt is a purchaser for value, so as to defeat the claims of a vendor for the purchase price, of which he had no notice. We insist that he is, and the instruction ought to have been given. Jones on Chattel Mort. [ 2 Ed.] sec. 81, and authorities cited; *Brocking v. Straat*, 17 Mo. App. 296;

*Railroad v. Bank*, 102 U. S. 14; *Cass County v. Old-ham*, 75 Mo. 50; *Steadman v. Hayes*, 80 Mo. 319; *Deere v. Marsden*, 88 Mo. 512; *Crawford v. Spencer*, 92 Mo. 498; *Feder v. Abrahams*, 28 Mo. App. 454; *Rhodes v. Outcall*, 48 Mo. 372; *Wright v. Towle*, 34 N. W. Rep. (Mich.) 578; 1 Jones on Mort., sec. 347. (3) The finding should have been for the interpleader, who was an innocent purchaser for value without notice of plaintiff's claim. A mortgagee in a mortgage given to secure a *bona fide*, but pre-existing, debt is a purchaser for value, and takes the property free of outstanding equities. Jones on Chattel Mort. [2 Ed.] sec. 81, and authorities cited in note 2; *Railroad v. Bank*, 102 U. S. 14; *Mill Co. v. Disp. Co.*, 27 Fed. Rep. 434; *Steadman v. Hayes*, 80 Mo. 319. The indorsee of a negotiable note, who takes it as collateral security for an antecedent debt and without other consideration, is entitled to the position of a holder for value, and is not affected by infirmities or equities of which he had no notice. This is so ruled by the supreme court of the United States, by all the federal courts, and by the courts of England and Canada, and by fully one-half of state supreme courts. Colebrook on Collateral Securities, secs. 18–23, and notes; *Grant v. Kidwell*, 30 Mo. 455; *Sav. Inst. v. Holland*, 38 Mo. 49. There is no good reason why the same principle should not be applied to a mortgagee who takes a mortgage as collateral security. *Conrad v. Fisher*, 37 Mo. App. 352. (4) If any new consideration be given, however slight or unimportant, the mortgagee is a purchaser for value, and takes the collateral freed from equities. This is the universal doctrine, but where there is no such new consideration, there is much conflict in the authorities, says the supreme court of Missouri. *Crawford v. Spencer*, 92 Mo. 498; *Deere v. Marsden*, 88 Mo. 512; *Clarke v. Barnes*, 34 N. W. Rep. (Iowa) 419; *Trustees v. Hill*, 12 Iowa, 462; *Ryan v. Clew*, 13 Iowa, 589.

*Lancaster, Hall & Pike*, for respondent.

(1) Can the right of a vendor of personal property given by section 4914, Revised Statutes, to subject the property sold to the payment of the purchase price thereof, be enforced by attachment under circumstances justifying a suit by attachment against the vendee? (2) Is a mortgagee of the vendee in possession of the personal property sold by the vendor, where the sole consideration of the mortgage was a debt, which existed at the time of the sale of the property on which the mortgage was afterwards given, "an innocent purchaser for value, without notice," within the meaning of said section of the statute? (3) The first question must, on the express authority of the supreme court, be answered in the affirmative. *Parker v. Rodes*, 79 Mo. 91; *State to use v. Mason*, 96 Mo. 132. (4) The words of the exception contained in the statute are borrowed from equity jurisprudence, were well known terms in our law when the statute was enacted, and are to receive the meaning that the courts had always given to them. *Collins v. Wilhoit*, 35 Mo. App. 589; *Vaughn v. Tracy*, 22 Mo. 418; *Lee v. Bowman*, 55 Mo. 403; *Wood v. Robinson*, 22 N. Y. 564. If there is any conflict between the authorities or controversy, as to whether a mortgagee of personal property, where the only consideration is an antecedent debt, is an innocent purchaser for value, it is due to the fact that the distinction between negotiable instruments which, for commercial purposes, pass by delivery as money and real and personal property is sometimes overlooked. (5) With the exception of the cases in Indiana and California and Mr. Jones, we have seen no authority holding that a pre-existing debt is a sufficient consideration to protect a mortgagee against prior equities existing against the mortgagor. The appellate courts of this state have not passed upon this question as thus stated, but they have passed upon questions identical in principle. Thus, in respect of

conveyances of lands or goods in fraud of the creditors of the transferor, it has been held that "to entitle the transferee to be treated as a purchaser for a valuable consideration, it must appear that he actually paid the purchase money before he had any notice of the fraud ; it is not sufficient that he had agreed to pay it, or even that he had given his check in payment, unless the check had been paid." *Conrad v. Fisher*, 37 Mo. App. 411 ; *Humbolt v. Hartwig*, 73 Mo. 485 ; *Dougherty v. Cooper*, 77 Mo. 528 ; *Young v. Kellar*, 94 Mo. 581 ; *McNichols v. Rubleman*, 13 Mo. App. 515 ; *Aubuchon v. Bender*, 44 Mo. 560 ; *Halsa v. Halsa*, 8 Mo. 303 ; *Choteau v. Burlando*, 20 Mo. 482 ; *Paul v. Fulton*, 25 Mo. 156 ; *Digby v. Jones*, 67 Mo. 107 ; *Bishop v. Schneider*, 46 Mo. 482 ; *Rice v. Bunce*, 49 Mo. 235 ; *Fox v. Hall*, 74 Mo. 317.

SMITH, P. J.—This an action by attachment. The facts out of which the action arose are that the plaintiff sold and delivered to defendant Rinehart a bill of California wines amounting to four hundred dollars on four months' time. The defendant being indebted to the interpleader bank in the sum of four thousand dollars, and in order to secure said indebtedness, executed to it a chattel mortgage, whereby he conveyed to it all of the goods in his store, which included the goods which had been sold and delivered to the defendant by the plaintiff, and which had not been paid for. The plaintiff brought its suit against defendant, and caused the goods which it had sold defendant and which were then in the hands of the interpleader to be levied upon under the writ of attachment. The interpleader interposed its claim to the goods under the mortgage which the defendant had executed to it. The court, being requested by the parties to make a finding of the facts in the case and conclusions of law thereon, thereupon made the following special finding of the facts and conclusions of the law thereon ·

"*First.* That the plaintiff sold to the defendant in attachment suit, James H. Rinehart, the goods levied on by the sheriff under the writ in said suit, the purchase price of which is sued for in said suit, and that the goods have not been paid for, and that there is due plaintiff for them the amount claimed in the petition.

"*Second.* That the title and right of the interpleader depends upon the mortgage read in evidence by said Rinehart which was given simply to secure a pre-existing debt, viz., a debt existing prior to the sale of the goods by the plaintiff, and that possession was given to interpleader by Rinehart of the goods, for the price of which suit is brought, under the mortgage, prior to the issuing and levying of the writ, and that no other consideration passed from the interpleader to said Rinehart for said mortgage. The court concludes the law to be, that, upon the facts above found, the judgment should be against the interpleader."

The finding and judgment were for the plaintiff. The interpleader appealed.

I. The first question presented by the record before us for our decision is: "Can the right of a seller conferred by section 4914, Revised Statutes, 1889, to subject the personal property sold by him to the payment of the purchase price thereof, be enforced by attachment under circumstances justifying a suit by attachment against the vendee?" Upon the authority of *Parker v. Rodes*, 79 Mo. 91, and *State ex rel. v. Mason*, 91 Mo. 132, this question must be answered in the affirmative.

II. The second and decisive question in the case is, whether a mortgage of the vendee in possession of the personal property sold by the vendor to the vendee, where the sole consideration of the mortgage was a debt, which existed at the time of the sale of the property on which the mortgage was afterwards given, is an innocent purchaser for value without notice within the

meaning of said statutory provision, section 4914. This question may be best answered by a reference first to the adjudged case in this state.

In *Goodman v. Simmonds*, 19 Mo. 107, it was said that "we do not say that a bill of exchange passed to *a person, in payment of a pre-existing debt, would be liable in his hands*, without *notice* to *the equities* or defenses of *the original parties;* but that the holders of a bill merely as collateral security for a pre-existing debt, having given no value for it, no consideration for it, hold it liable to such equities." In *Feder v. Abrahams*, 28 Mo. App. 454, it was said that "plaintiffs claim that the decision in *Deere v. Marsden*, 88 Mo. 512, questions the rule stated in *Hess v. Clark*, 11 Mo. App. 492. This is, however, an obvious mistake. The supreme court in that case simply reaffirms a proposition which has been the law of this state since *Goodman v. Simmonds, supra*, that one who takes collaterals for a pre-existing debt, without any new consideration to support the transfer, is not a purchaser for value of such collaterals. A similar ruling was made in *Terry v. Hickman*, 1 Mo. App. 123, and in *Brainard v. Reavis*, 2 Mo. App. 490. In *Logan v. Smith*, 62 Mo. 455, it was said : " Logan took Smith's note as a collateral security, not for a pre-existing debt, *but for a debt created at the time* and in the faith thereof, with notice of no equities and he thereby undoubtedly became a holder for value." In *Deere v. Marsden*, 88 Mo. 512, it is declared that " As to a pre-existing debt, if there is an express agreement on the part of the creditor to forbear suit until the collateral shall mature, the agreement to delay constitutes the transferee a holder for value. The extension of time for the payment of past indebtedness, if for a day only, constitutes a new and sufficient consideration." Daniel Neg. Inst. [3 Ed.] 829 ; *Oates v. Bank*, 100 U. S. 247 ; *Smith v. Worman*, 19 Ohio St. 148.

In *Hodges v. Black*, 8 Mo. App. 389, it is said that "if negotiable paper be taken without notice, before

maturity, *in absolute payment* of a simple contract debt, then due and unsecured, and not merely collateral to it, though no security was given up for the notes, the *mere giving of time would* seem to be parting with a valuable right which plaintiff had. * * * This places plaintiff in the position of an innocent holder for value.'' And this statement of the rule was subsequently approved by the supreme court in the same case. 76 Mo. 537. *Fitzgerald v. Barker*, 96 Mo. 661, was where the notes sued on were taken in satisfaction of a much larger debt, etc., and in that case it was said : ''The point whether a transferee of notes in such circumstances, who takes them before maturity without notice and in absolute payment of an antecedent debt, is to be regarded in the same light as one who pays cash for them in the ordinary commercial way. * * * The correct rule in such cases is that such transferee is to be regarded as a *bona fide* purchaser for value. In *Hess v. Clark*, 11 Mo. App. 492, following the ruling made in *Butters v. Haughawout*, 42 Ill. 18, it was held that, ''where goods are sold and delivered to a creditor by his debtor *in payment of an antecedent debt*, such creditor, if he acts in good faith, is a purchaser for a valuable consideration, and will be protected against any claim of the original owner just as he would have been had he paid a new consideration for the goods at the time he purchased them. In *Lawrence v. Owens*, 39 Mo. App. 318, we held that ''the absolute extinguishment of an antecedent debt in consideration of a transfer of personal property constitutes the vendee a purchaser for value to the same extent as if he paid the money for such goods.'' It may be said that *Goodman v. Simmonds* has been overruled by the later case of *Boatman's Saving Inst. v. Holland*, 38 Mo. 50. The former case was not noticed in the opinion in the latter. And it will be observed that it is not considered as an overruled case in the still later cases where it has been referred to. *Crawford v. Spencer*, 92 Mo. 498 ; *Logan*

*v. Smith*, 62 Mo. 455; *Fitzgerald v. Baker*, 96 Mo. 661; *Deere v. Marsden*, 88 Mo. 512. On the contrary it is recognized in each of these cases as stating a rule of commercial law in force in this state.

The rule it announces was expressly invoked and applied in *Terry v. Hickman*, 1 Mo. App. 119, and in *Hodges v. Black*, 8 Mo. App. 389. In the latter of these cases the former is cited with approval, and the supreme court, on appeal in the latter to that court, adopted the conclusions of the court of appeals, and affirmed the judgment. 76 Mo. 537, already cited. In *Tufts v. Thompson*, 22 Mo. App. 564, the rule laid down in *Goodman v. Simmonds* was quoted with approval. So that the case in 38 Mo. has been passed by in the more recent cases just as it passed by unnoticed the previous case in the 19 Mo. This diversity of judicial opinion has involved the law on the subject of commercial paper in this state in what is a seeming inextricable confusion. But we think in the course of judicial decision on the subject the appellate courts have recognized *Goodman v. Simmonds*, and to it we must look for the rule of law now prevailing in this state applicable to negotiable paper taken as collateral security, where there is no consideration other than a pre-existing debt. From these decisions we deduce these conclusions :

*First.* That the rule as to the taking of negotiable paper for an antecedent debt is applicable to the taking of personal property for that purpose; *second*, that the holder of negotiable paper as collateral for a pre-existing debt, having given no consideration for it, holds it liable to the equities existing between the original parties; *third*, that the taking of negotiable paper as collateral security for a debt, created at the time on the faith thereof, without notice of equities, renders the taker a holder for value. So, the taking of negotiable paper as collateral for a pre-existing debt where there is an express agreement that the creditor will forbear suit until the maturity of the collateral. So, where

there is an extension of time for the payment of past indebtedness if for a day only. So, where negotiable paper is taken in extinguishment or satisfaction of a pre-existing debt then due and unsecured.

Applying these rules to the facts of this case, and it becomes apparent that the interpleader was not an innocent purchaser of the property in question for value. The property was not taken from the defendant in consideration of the satisfaction or extinguishment of a pre-existing debt, nor was there an extension of time or forbearance, or anything parted with or lost by the interpleader. He occupies the attitude of a holder of a negotiable note merely as collateral security for a pre-existing debt; having given no value nor consideration for it he holds it subject to the equities of the original parties. The result under the rule applicable to this case is just the same as if the defendant instead of transferring to the interpleader wines had transferred to him a negotiable note made to him by plaintiff and not due, one which was subject to certain equities of which the interpleader had no knowledge. The transfer in either case being to secure a pre-existing debt would not cut off the plaintiff's equities. Whether commercial paper or personal property the rule in such cases is identical. The interpleader in this transaction cannot be held, within the meaning of any of the rules referred to, a purchaser for a valuable consideration, and, therefore, he is not protected against the equities of the plaintiff.

The established rule of the supreme court of the United States, in respect to the taking of commercial paper as security for a pre-existing debt, is exactly the converse of that which has been declared, as we understand it, by the supreme court of this state. In that court it has been held that a *bona fide* holder, taking a negotiable note as a security for a pre-existing debt, is a holder for a valuable consideration, entitled to protection against all equities between the antecedent parties.

*Railroad v. Bank*, 102 U. S. 14; *Swift v. Tyson*, 16 Pet.
1; *People's Sav. Bk. v. Bates*, 120 U. S. 556; *Terry v.
Hickman*, 1 Mo. App. 119. But that court makes a dis-
tinction between commercial paper and other property,
and in *People's Sav. Bk. v. Bates*, 120 U. S. 556, *supra*,
declared that the doctrine that the *bona fide* holder
for value of negotiable paper, transferred as security for
an antecedent debt merely, and without other circum-
stances, is unaffected by equities between prior parties,
of which there was no notice, does not apply to instru-
ments conveying real or personal property as security
in consideration only of pre-existing indebtedness. The
court declares that the rules established in the interest
of commerce, to facilitate the negotiation of mercantile
paper, which, for all practical purposes, passes by
delivery as money and as the representative of money,
ought not, in reason, to embrace instruments conveying
or transferring real or personal property as a security
for the payment of money. It is declared, further, that
there is nothing in the usages of merchants, so far as is
disclosed by the adjudged cases, indicating that the
necessities of commerce require that chattel mortgages
be placed upon the same footing in all respects as
negotiable securities which have come into the hands of
a *bona fide* holder for value before maturity. In the
opinion a number of authorities are referred to, to sus-
tain the conclusion reached that "the claim of the bank,
to be a subsequent mortgagee in good faith, cannot be
sustained, because the mortgage of February 11, 1881,
although first filed, was not given in consideration of its
having surrendered, or agreed to surrender or to postpone
the exercise of, any substantial right it had against the
mortgagors, but merely as collateral security for past
indebtedness. Under such circumstances, the mortgage
which was prior in time confers a superior right." *Box-
heimer v. Given*, 24 Mich. 372, cited, too, in the *People's
Sav. Bank v. Bates* approvingly, was where, in a suit
brought to foreclose a recorded mortgage, the defendant

relied upon a subsequent deed of the mortgagor, which he was induced to take under the representation of the latter that the mortgage debt had been paid. After sustaining the claim of the plaintiff on certain grounds, the court said the defendant must fail in the suit upon the further ground that, although he acted in good faith, he was not a *bona fide* purchaser or incumbrancer for value, with equities superior to those of the plaintiff, because it appeared that the conveyance to him was merely as a security for a precedent debt, without his paying, or agreeing to pay, any other consideration, or relinquishing any remedy or right he may have had.

And it is stated by Mr. Pomeroy, in his work on equity jurisprudence, volume 2, section 749, that " A conveyance of real or personal property as security for an antecedent debt does not, upon principle, render the transferee a *bona fide* purchaser, since the creditor parts with no value, surrenders no right, and places himself in no worse legal position than he was before." This author notes the distinction between the transfers of commercial paper and other property which we have already referred to. And in this state, in respect of the conveyance of land, "subject, in the hands of the grantor, to prior unrecorded conveyances, vendor's liens, resulting trusts, or other secret equities," it has been uniformly held that, "in order to entitle the innocent grantee to protection against a prior unrecorded conveyance, vendor's lien or other equity, he must have parted with something of value as a consideration, before receiving notice of the prior conveyance or equity." *Conrad v. Fisher*, 37 Mo. App., *loc. cit.* 412 ; *Aubuchon v. Bender*, 44 Mo. 560 ; *Halsa v. Halsa*, 8 Mo. 303 ; *Choteau v. Burlando*, 20 Mo. 482 ; *Paul v. Fulton*, 25 Mo. 156 ; *Digby v. Jones*, 67 Mo. 107 ; *Bishop v. Schneider*, 46 Mo. 482 ; *Rice v. Bunce*, 49 Mo. 235 ; *Fox v. Hall*, 74 Mo. 317.

Whether we apply the rule in relation to the taking of commercial paper as security for a pre-existing debt,

when there is no other consideration, as it exists in the jurisprudence of this state, or that which obtains in the supreme court of the United States and in other jurisdictions, in respect to the transfer of real and personal property for a pre-existing debt, to this transaction, it results that it cannot be upheld as a transfer of personal property for a valuable consideration. The essential element of consideration is wanting, so that the interpleader was not an innocent purchaser for value. The interpleader took the property subject to any equities that it might lawfully be subjected to in the hands of the defendant. The question, no doubt, will ultimately narrow itself down to one of bare priorities, as in *Boyd v. Ward Furn., Stove & Carpet Co.*, 38 Mo. App. 110. There is no question of estoppel suggested here, as in *Lawrence, Manning & Cushing v. Owens,* 39 Mo. App. 324.

It follows from these considerations that the circuit court did not err in its rulings and finding, and, therefore, its judgment is affirmed. All concur.