WILLIAM H. STEWART, Appellant, v. LEE GIVENS, Respondent.

**Kansas City Court of Appeals, January 27, 1908.**

1. BILLS AND NOTES: Collateral Security: New Debt. One taking acceptances before due and without notice of any infirmities, as collateral for a debt then created, is a holder for value.

2. ————: ————: ————: Instructions. An instruction announcing the above principle is approved, while another attempting to require that the debt must have existed at the bringing of the suit is held unfortunate in its expression and is further subject to the criticism of submitting the value of the commodity for which the acceptances were given to the jury.

Appeal from Cooper Circuit Court.—*Hon. Wm. H. Martin*, Judge.

REVERSED AND REMANDED.

*John & J. W. Cosgrove* for appellant.

(1)     Plaintiff being the transferee of negotiable paper, before maturity, is presumed to have acquired it in good faith, and the burden is on defendant to show the contrary.     Cloud v. International B. & N. Co., 23 Mo. App. 319; Woolen Mills v. Meyers & Co., 43 Mo. App. 124; Bank v. Stanley, 46 Mo. App. 440.     (2)     To impeach the validity of the acceptances in plaintiff's hands it must be shown that plaintiff had actual knowledge of the fraud, if any, practiced by the Equitable Manufacturing Company on defendant.     Bank v. Hammond, 104 Mo. App. 403; Bank v. Stanley, supra; Jennings v. Todd, 118 Mo. 296.     (3)     The evidence shows that defendant's acceptances were endorsed to plaintiff as "collateral security, not for a pre-existing debt, but for a debt created at the time and in the faith thereof, with notice of no equities, and he thereby undoubtedly became a holder for value."     Logan v. Smith, 62 Mo. 455; Napa Valley W. Co. v. Rinehart, 42 Mo. App. 178. (4)     The trial court erred in submitting to the jury in defendant's instruction 5, the question of the value of the jewelry.     Merrick v. Phillips, 58 Mo. 436; Mayes v. Robinson, 93 Mo. 114; Keim v. Vette, 167 Mo. 399.

*J. F. Rutherford,* for respondent, filed no briefs.

ELLISON, J.—This is an action on three acceptances made by defendant for $37.50 each and each dated and accepted the 25th of November, 1904.  One of them was due May 29, 1905, and the other two were due in eight and ten months, respectively, from date.  The judgment in the trial court was for the defendant.

The drafts were drawn for jewelry sold by the Equitable Manufacturing Company to defendant.  The jewelry was sold with certain warranties and conditions which, for the purposes of this case, we may concede would have prevented a recovery if this action had been brought by the manufacturing company.  But

plaintiff claims to have received endorsement of them before due, without notice of any infirmity, for the purpose of collateral security on a loan of money then made of $3,000.

The evidence showed that the transfer to plaintiff was in security of a debt created at the time and not a pre-existing debt.    In such case the endorsee before due and without notice of any infirmity, is a holder for value.    [Napa Valley Wine Co. v. Rinehart, 42 Mo. App. 178; Logan v. Smith, 62 Mo. 455, 456.]

The court gave for plaintiff the following instruction: "The jury are instructed that if they believe from the evidence that the Equitable Manufacturing Company drew on defendant for the amount specified in each of said bills of exchange, and that defendant accepted the same; and that said Equitable Manufacturing Company endorsed said bills of exchange or acceptances, before they became due, as collateral security for the payment of a note of $3,000, and delivered said bills to the plaintiff, before maturity, and that said note of $3,000 has been renewed, from time to time, by said Equitable Manufacturing Company, but that the debt evidenced by said note of $3,000 has not been paid to plaintiff, then the plaintiff herein is a purchaser for value of said bills of exchange or acceptances sued on herein, and the plaintiff is entitled to recover the amount due on said bills of exchange or acceptances sued on, and the jury should so find."

The court gave for defendant over, the objection of the plaintiff, the following instruction: "If you believe that the jewelry which defendant claims to have purchased from the Equitable Manufacturing Company were of no value and that plaintiff did not hold the acceptances sued on as collateral security for the payment of money actually loaned at the time this suit was begun, then you should find the issues for the defendant. The burden of proof is upon the defendant to prove both

of the above propositions by a preponderance of the testimony."

The latter instruction is unfortunately drawn. It seems to direct the jury that unless the plaintiff loaned the money at the time he brought this action he could not recover. There was an effort made by defendant to show that the loan which plaintiff made when the drafts were transferred to him as collateral was afterwards paid; while on the other hand plaintiff had evidence tending to show that such loan was not paid but merely renewed. The instruction was doubtless intended to direct that the indebtedness must have existed at the time the suit was brought, that is, that it had not been paid off and discharged. It is furthermore subject to the objection of submitting the value of the jewelry.

It seems to us that under the instructions given for plaintiff the only issues properly left in the case were those therein submitted, viz: did the manufacturing company transfer and deliver the drafts before due for a valuable consideration; and if the original loan of $3,000 was secured by these drafts in the manner just stated, then the renewal from time to time, if the debt had not been paid, still left plaintiff a purchaser for value.

These are matters which the jury must determine. The judgment is reversed and the cause remanded. All concur.