JUNE TERM
1835.

Skinner
v.
Stouse.

4   93
39a  325

ALFRED SKINNER v. JAMES STOUSE.

1. Replevin will lie, although no trespass has been committed by the
   defd. in taking the property.
2. Replevin will lie though there was no actual taking by any one
   from the plaintiff.
3. If the owner of property stands by and sees another sell his proper-
   ty and says nothing when he might with propriety speak, he shall not
   afterwards have the property, much less can he have it when he in-
   courages a person to buy.

ERROR to St. Louis circuit court.

Opinion of the court delivered by McGIRK, J.

Stous brought an action of Replevin against Skinner for a negro woman, the declaration is in the usual form. Skinner the defendant in the circuit court pleaded non cepit, property in himself, property in a stranger, to-wit: one Blood, and property in one Rosanna Berry, on all these pleas issues were taken to the country, a verdict and judgment were given for the plaintiff Stouse. On the trial the plaintiff read in evidence a bill of sale from Rosanna Berry to him for the slave in question dated 6th August 1829. The plaintiff also proved that the slave was delivered to him by Rosanna Berry at the time of the execution of the bill of sale. That he paid at the same time for the slave two hundred dollars which he borrowed, that the slave was in the possession of the defendant at the time of bringing the suit, that he claimed her as his property, that he obtained the slave from R. Berry. The defendant then proved that at the time of the execution of the bill of sale the plaintiff was the son-in-law of Rosanna Berry, and lived with her on a farm then occupied by her. That the salve sued for continued at the farm during all the time Berry and the plaintiff lived together on the farm, that about March or April 1832, Stouse moved away from the farm leaving this slave with Mrs. Berry, taking with him considerable property, in whose possession the slave continued till the same was hired to Skinner the defendant. It was proved that the reason of making the bill of sale by Berry to Stouse was, that Rosanna's property was about to be sold on execution, that Stouse borrowed the money to pay the debt and took this bill of sale and a transfer of other property, and among that property he took a transfer of Rosanna's right of dower to the farm on which they lived for the money advanced. The defendant proved that about three years before Stoute left the farm, Rosanna Berry express-

ed a desire that he should leave the farm, that Stouse said if she would let him remain there two years and have the use of the place, the services of her sons and force, he would at the expiration of the time give up the slave and all the writings and leave the place, which place and hands Stouse did enjoy for that time, and at the expiration of that time Stouse insisted on enjoying the same advantage one year more, which he did, and then left the same, but did not give up the bill of sale. The defendant derives his title from Rosanna Berry by a bill of sale subsequent to Stouse's bill of sale. The slave was afterwards hired to Skinner by Mrs. Berry who became indebted to Skinner, and to pay that debt sold the slave to him. It was proved that before Skinner bought, Stouse told him that he wished him to get the girl of Mrs. Berry, and that if he did he would make over to him all his title, that after Skinner became the purchaser Stouse said he was glad of it, and that he would pass his title to Skinner, that when Skinner applied to Stouse to pass his title Stouse refused unless Skinner would give him one hundred dollars to do so. Skinner said he would do so if Stouse would take goods, which he refused. It was also proved that the two witnesses who proved the matter relating to keeping the plantation the time Stouse had it, were unfriendly to Stouse. It was also proved that shortly after Mrs. Berry had sold to Skinner, and before she had gotten all the pay, she took the benefit of the insolvent act, and that in her inventory she made no mention of any thing due from Skinner for the slave. The foregoing is all the material testimony in the cause. Whereon Skinner moved the court to instruct the jury that unless they were of opinion from the evidence that the defendant took the property by force from the possession of the plaintiff they must find for the defendant. 2nd, that unless the defendant was guilty of a trespass in relation to this property this act cannot be maintained; which instructions the court refused, and instead thereof gave the following: 1st, if the jury shall be of opinion that the bill of sale of the slave was fraudulent as against the creditors of Mrs. Berry they should find for the defendant. 2nd, if they should be of opinion that the bill of sale was fraudulent against Mrs. Berry they should find for the defendant. 3rd, if the jury &c. 4th, that if the jury should be of opinion that the property in the slave was *bonafide* vested in the plaintiff by the bill of sale to him from Mrs. Berry, and had not been divested out of him by any subsequent contract, they should then con·

JUNE TERM
1835.

Skinner.
v.
Stouse.

sider the possession of Mrs. Berry as the possession of the plaintiff, and if they were of opinion that the defendant received the slave from Mrs. Berry and held the same by virtue of an absolute transfer with the intention of possessing and using the slave as his own property, adversely to the title of the plaintiff and with knowledge of his claim, the jury should find for the plaintiff. To the giving these instructions and the refusal to give those asked the defendant excepted, the jury found a verdict for the plaintiff. The defendant then moved the court for a new trial for the following causes. 1st, the verdict is against law and evidence. 2nd, the verdict is against law. 3rd, same as first. 4th, the verdict is against the weight of evidence. 5th, the court misinstructed the jury

Replevin will lie, although no trespass has been committed by the defd. in taking the property.

—which motion was overruled. The first point relied on by Mr. Allen for the plaintiff in error is the refusal to give the instructions asked—the first instruction asked assumes that unless the defendant committed a trespass in taking the property the act will not lie. This is a mistake, the act of the General Assembly (see R. C. 659) says that in all cases where goods shall be taken from the possession of any person lawfully possessed thereof without his or her consent, it shall be lawful for such person to bring his action of replevin therefor against any person in whose hands the same may be found. If the law contemplates that replevin will only lie where trespass will yet the act expressly says the action will lie against any one in whose possession the property may be found, the instruction asked required the court to say the defendant must have committed the trespass, this instruction was rightly refused. The second instruction refused was in substance the same thing as the first, and was rightly refused. As to the instruction given only the 4th has been complained of in the argument, this instruction asserts that if Stouse made a lawful honest purchase of the slave from Mrs. Berry and had not divested himself thereof by some subsequent contract then the property is still his, this part of the instruction is clearly right, the court then say if this state of facts is true, then the possession of Berry was the possession of Stouse. We see no objection to this on the state of facts here existing, for there is no evidence that if Stouse yet had the right to the slave that

Replevin will lie though there was no actual taking by any one from the plaintiff.

he had not the right to the immediate possession. The other part of the instruction then assumes that the action of Replevin will lie though there was no actual taking by any one from the plaintiff. This was the opinion of this court in the case of Crockett v. Mann 3 vol. Missi. R. 476

though that was only said by way of laying down premises, or at all events that point was not supposed to be directly up. We are still of opinion that the statute was well expounded in that case. Consequently there is no error in the instruction given. But we are clearly of opinion the court erred in refusing a new trial; nothing can be more clear and satisfactory~to us than that the plaintiff had in truth no right to the slave; this is made clear by the testimony of the two Berry's but it is said the credit of these witnesses was impeached by the fact that they had some quarrel with the plaintiff, but this evidence is entirely supported by the testimony of W. Skinner, who swears he heard Stouse say if Skinner bought of Mrs. Berry he would relibquish his title, or would make the title, this he said before and after the sale to the defendant, yet when he is called on to do so, an after thought strikes him that now he will draw from Skinner $100 before he will do it, this shows most clearly he intended to be dishonest, why not make this declaration before hand if he had any just claim, and if the slave was in truth his why not demand the full value instead of $100. The law is that if the owner of property stands by and sees another sell his property and says nothing when he might with propriety speak, he shall not afterwards have the property, much less can he have it when he encourages a person to buy. The judgment is reversed, the cause is remanded for a new trial.

13

JUNE TERM
1835.

Skinner
v.
Stouse.

If the owner of property stands by and sees another sell his property and says nothing when he might with propriety speak, he shall not afterwards have the property, much less can he have it when he encourages a person to buy.