LAWRENCE, MANNING & CUSHING, Appellants, v. FRANK OWENS, Sheriff, Respondent.

Kansas City Court of Appeals, February 17, 1890.

1. **Sale:** DEBTOR AND CREDITOR: INNOCENT PURCHASER FOR VALUE WITHOUT NOTICE : PURCHASE PRICE. The absolute extinguishment of an antecedent debt, in consideration of the transfer of personal property, constitutes the vendee a purchaser for value, to the same extent as if he had paid the money for such goods ; and, where there is nothing in the agreed statement of facts, on which the case was tried, to show notice to the purchasing creditor of the existence of defendant's claims for the purchase price of the goods against the selling debtor, such creditor is within the class of persons excepted by the provisions of section 2353, Revised Statutes, 1879. A vendee of merchandise is not required to investigate the books of his vendor or put him on his *voir dire* to determine if goods offered in *market overt* have been paid for.

2. ———— : ESTOPPEL : WHOLESALE AND RETAIL DEALERS. Where wholesale merchants furnish goods to retail dealers, whose business is to sell to others, with the contemplation and understanding that the goods are to be disposed of, they are estopped, after having stood by, permitted and encouraged others to purchase of such retailers, from claiming any lien or charge for the balance of the purchase price, as against a purchasing creditor, who has in good faith bought and paid for the goods.

*Appeal from the Nodaway Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED (*with instructions*).

*William Ellison,* for the appellants.

(1) Can the lien, or right in the nature of a lien, secured to creditors by section 2353 of the Revised Statutes, be waived? If so, has it not been waived in this case? *Shelley v. Boothe,* 73 Mo. 74; *Holmes v. Braidwood,* 82 Mo. 610; *Singer v. Goldenburg,* 17 Mo. App. 549; *Wagon Works v. Carman,* 109 Ind. 31; *Devlin v. O'Neill,* 6 Daly, 305; *Ludden v. Hazen,* 31 Barb. 650. (2) Were appellants "innocent purchasers for value, without notice of the existence of the prior claim for the purchase money?" It has been clearly and expressly decided in the affirmative, both in the supreme and appellate courts. In the case of *Deere v. Marsden,* 88 Mo. 512; *Hess v. Clark,* 11 Mo. App. 492; *Feder v. Abrahams,* 28 Mo. App. 454; *Brocking v. Straat,* 17 Mo. App. 296; *Knox v. Hunt,* 18 Mo. 174; *State to use v. Schulien,* 45 Mo. 521; *Spira v. Hornthall,* 77 Ala. 137; *Soule & Thomas v. Shotwell,* 52 Miss. 236; *Love v. Taylor,* 26 Miss. 567; *Butten v. Haughawout,* 42 Ill. 18; *Ruth v. Ford,* 9 Kan. 17; *Shufeldt v. Pease,* 16 Wis. 659; *Johnson v. Graves,* 27 Ark. 557; 2 Story's Eq. [12 Ed.] sec. 1229; 2 Pomeroy's Eq., sec. 749, p. 208.

*E. S. Jones* and *Ira K. Alderman*, for the respondent.

(1) This case was correctly decided. A jury being waived, the court had time to and did deliberate. It will not be denied, in fact cannot be, that section 2353, Revised Statutes of Missouri, 1879, are available in an attachment proceeding " under circumstances justifying a suit by attachment against the vendee." *Parker v. Rhodes*, 79 Mo. 91 ; *Mill Co. v. Turner, Frazer & Co.*, 23 Mo. App. 103 ; *Desberger v. Harrington*, 28 Mo. App. 632; *The State to use v. Mason*, 96 Mo. 127. This action is based on grounds that warranted suit by attachment before the credit matured. R. S. 1879, sec. 399. (2) Have the creditors represented by respondent waived any of their rights under said section 2353, *supra?* This section is not a lien, but may ripen into a lien after levy of the attachment, or execution upon a judgment. *Meincke v. Brackseick*, 14 Mo. App. 316 ; *France v. Thomas*, 86 Mo. 80 ; *Bridgeford v. Adams*, 45 Ark. 136. (3) Were appellants innocent purchasers for value without notice of the prior claims of the purchase money? The court, by its finding, says they were not. Is this finding correct? The two qualifying phrases, "for value" and "without notice," in said section 2353, *supra*, both modify the word "purchaser," and the word "purchaser" is still further modified by "innocent." Both of said phrases must apply before one could be an innocent purchaser. Bump on Fraud. Con., p. 483. (a) Is a creditor a purchaser for value under this said section 2353, *supra?* This honorable court said, in *Mill Co. v. Turner, Frazer & Co.*, *supra*, that " creditors are not innocent purchasers." *Bidault v. Wales*, 20 Mo. App. 553 ; *Aubuchon v. Bender*, 44 Mo. 564; *Davis v. Ownby*, 14 Mo. 176 ; *Land & Cattle Co. v. Plumb*, 27 Fed. Rep. 598 ; *Sleeper v. Davis*, 6 At. Rep. (N. H.) 202 and cases cited ; *Kingsbury v. Smith*,

Lawrence, Manning & Cushing v. Owens.

13 N. H. 109 ; *Stephens v. Brennan*, 79 N. Y. 254 and 258 ; *Poor v. Woodman*, 25 N. Y. 235 ; *Sargent v. Stern*, 25 Cal. 359 ; *Ratcliff v. Sangston*, 18 Md. 383; Bump on Fraud Con. p. 483 ; Wells on Rep., sec. 338. (*b*) Were appellants purchasers without notice so as to exonerate them from said section 2353, *supra ?* We think the facts disclose that they had, if not actual, at least constructive notice, sufficient to put a man of ordinary prudence upon inquiry. *State to use of Erhardt v. Estell*, 6 Mo. App. 6 ; *Auct. & Com. Co. v. Mason*, 16 Mo. App. 478; *Roan v. Smith*, 93 Mo. 210 and cases cited ; *Widdicome v. Childers*, 84 Mo. 400 ; *Kingsland v. Drum*, 80 Mo. 650; *Rupe v. Alkin*, 77 Mo. 643 ; *Fellows v. Wise*, 55 Mo. 413 ; *Stephens v. Smith*, 7 Mo. 610; *Pringle v. Phillips*, 5 Sandf. 157 ; *Bush v. Collins*, 11 Pac. Rep. (Kan.) 428 and cases cited ; Kerr on Fraud and Mistakes, pp. 236, 237, 317 ; Wade on Notice, sec. 67 ; Bump on Fraud Con., pp. 200, 459.

GILL, J.—This is an action of replevin instituted by the plaintiffs against defendant, sheriff of Nodaway county, for the recovery of a stock of boots and shoes. Defendant had judgment below and plaintiffs appeal to this court. The cause was submitted to the court, sitting as a jury, on an agreed statement of facts, the substance of which is as follows:

Wm. A. Daggett, a retail boot and shoe merchant, at Maryville, Missouri, had, in the prosecution of his business, become indebted, in various sums, to several firms of wholesale dealers, among whom were plaintiffs, Lawrence, Manning & Cushing and some five other firms. Plaintiffs' claim against said Daggett consisted of a past due account and some overdue notes amounting to fifteen hundred dollars. About April, 1888, plaintiffs purchased the entire stock of boots and shoes from Daggett, and in payment thereof turned over to

Daggett his notes and overdue account. There seems no doubt but that the value of the stock was much less than the claim of plaintiffs against Daggett. The goods were delivered to plaintiffs, and immediately thereafter the other five firms, creditors of said Daggett (but whose claims were not yet due, they having sold to him on time), brought separate suits against Daggett and attached the goods so in the possession of plaintiffs, whereupon plaintiffs brought this action against the sheriff, with the result above stated. The claims of all these creditors are admitted to be *bona fide* and contracted by Daggett in his business. The plaintiffs base their claim of superiority of right to the goods by virtue of a purchase wherein they cancelled their notes and accounts against Daggett in consideration of the goods delivered to them by Daggett, while the attaching creditors assert priority of right by virtue of the fact (admitted) that their claims are for the balance of purchase money for the goods in controversy. Other facts will be noted in course of this opinion.

I. The attaching creditors (who are the real parties in interest, the sheriff being only nominal defendant) base their right to the goods in controversy on section 2353, Revised Statutes, 1879, which reads as follows: "Personal property shall in all cases be subject to execution on a judgment against the purchaser for the purchase price thereof, and shall in no case be exempt from such judgment and execution, except in the hands of an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money." This statute creates in the vendor of personal property a right (in the nature of a vendor's lien) to subject the chattels sold to the payment of the purchase price. Such right however does not exist against the property in the hands of "an innocent purchaser, for value, without notice of the existence of such prior claim for the purchase money."

An important question here is : Are defendants such *purchasers for value without notice* as will protect them in the claim for these goods?

Whatever may have been decided elsewhere, in this state it is well settled, "that where goods are sold and delivered to a creditor by his debtor in payment of an antecedent debt, such creditor, if he acts in good faith, is a purchaser for a valuable consideration, and will be protected against any claim of the original owner, just as he would have been had he paid a new consideration for the goods at the time he purchased them." *Hess v. Clark*, 11 Mo. App. 497; *Fitzgerald v. Barker*, 96 Mo. 664 and other authorities cited. The absolute extinguishment of an antecedent debt, in consideration of a transfer of personal property, constitutes the vendee a purchaser for value, to the same extent as if he paid the money for such goods. *Soule et al. v. Shotwell*, 52 Miss. 236 ; *Butten v. Haughawout*, 42 Ill. 18.

Now these plaintiffs, holding notes and an account against Daggett (and in excess too of the value of the boot and shoe stock), surrendered up said indebtedness, and extinguished the same, for which they received the goods in controversy. Hence thus far they deserve to be named as purchasers for value. If then, in addition, plaintiffs took such goods without notice of the existence of any prior claim of the real defendants here. for a balance of purchase money, then they must be protected to the same extent as if they had bought the stock and paid *cash* therefor.

There is nothing, in our opinion, in the agreed statement of facts on which this case was tried, upon which to declare notice to plaintiffs of the existence of defendants' claims. All that can be said of this is, that, from a conversation had between Daggett and plaintiffs, they, the plaintiffs, were told that Daggett owed nothing then due. Plaintiffs had no knowledge that defendants had sold goods to Daggett at a late period, or at

any other period. Did not know that the goods they were then purchasing came from such parties, nor any means of acquiring such knowledge. Did not know, nor had any means of knowing, that the goods then being by them purchased were unpaid for. It cannot be expected of a vendee of merchandise that he shall demand an investigation of the books of account of the vendor, or put such vendor upon his *voir dire* to thereby determine if the goods offered in *market overt* have been paid for, what amount is owing and to whom, etc.

We conclude then that plaintiffs come within the designation of "innocent purchasers for value without notice," etc., and therefore within the class of persons excepted by the provisions of said section 2353, *supra*, from its operation.

II.   There is yet another reason why these attaching creditors, represented by the defendant sheriff, cannot be permitted to take these goods from the plaintiffs. Daggett was a retail merchant engaged in buying and selling goods at Maryville. The boots and shoes now in controversy were sold on credit by these creditors and delivered to Daggett with the understanding, clearly implied, that he Daggett should sell the same to whomsoever should see proper to purchase. These wholesale dealers, thus furnishing these goods to Daggett (whose business was to sell to others) vouchsafed to all concerned an absolute power of disposition in said Daggett. Under this state of facts, and after the goods are disposed of as by them contemplated, agreed and understood, these attaching creditors cannot be permitted to reclaim the same. Having stood by, permitted and encouraged others to purchase from Daggett they are now estopped from claiming any lien or charge for an alleged balance due on original sale to Daggett, as against plaintiffs who have in good faith bought and paid for the goods. The assertion of such lien or charge, under these circumstances, would

operate as a fraud against these plaintiffs. *Skinner v. Stonse*, 4 Mo. 93; *Rice v. Bunce*, 49 Mo. 231; *Austin v. Loring*, 63 Mo. 19; *Melton v. Smith*, 65 Mo. 315.

The principle announced in *Winchester Wagon Works v. Carman* (109 Ind. 31) is well applied here. It was there held, that, where a wholesale vendor of articles of personal property sells, upon credit, and delivers a lot of such articles to a retail dealer, for the apparent or implied purpose of resale, a condition in the contract of sale that the title of the property shall remain in the vendor until the purchase price is paid is fraudulent and void as against a purchaser from the vendee. See opinion of the court, and authorities cited, pages 34, 35. When the purpose for which the goods are delivered to the buyer is inconsistent with a right to reclaim as for a lien, then such a lien will be of no avail as against innocent purchasers for value. *Ludden v. Hazen*, 31 Barb. 650, and cases cited on page 652. It is a matter of common knowledge that our retail merchants buy largely on credit. Their stores are stocked with goods not yet paid for; and with this knowledge will it be said that purchasers may in good faith pay for and receive the goods from the retailer, and then have the wholesale dealer follow and levy on the same goods to satisfy a balance claimed from said retail dealer? We think not. To so hold would work serious embarrassments to mercantile trade—would create in fact a practical embargo on our local commerce, besides violate every principle of law and right.

Appellants' counsel have urged other matters for decision, but we deem further consideration of this case unimportant.

The judgment, which was for the defendant below, was for the wrong party.

We reverse the judgment of the circuit court and remand the cause, with instructions to enter a judgment for the plaintiffs. All concur.