Logan v. Smith, et al.

————o————

John S. Logan, Respondent, vs. William A. J. Smith, and Susan E. Smith, Appellants.

1. *Bills and notes—Collateral security—Debt then created—Holder for value.*— One who takes a note as collateral security for a debt then created and on the faith thereof, with notice of no equities, becomes a holder for value.

2. *Mortgages—Note secured by transfer of—Release.*—The transfer of a note secured by mortgage carries the mortgage with it, unless the mortgage has been separately extinguished, as by a release for instance.

3. *Mortgages—Note secured by—Indorsee for value—What rights under the mortgage.*—The indorsee of a negotiable note, who takes it discharged of the equities to which it was subject in the hands of the payee, acquires the same right in a mortgage given to secure it, which the payee would have had, if no equities had ever existed against the note. (Linville vs. Savage, 58 Mo., 248, reviewed.)

*Appeal from Buchanan Circuit Court.*

*A. H. Vories & W. S. Greenlee,* for Appellants..

I. Mortgages are not governed by the same law as commercial paper, and the assignment of Smith's note by Cowan could not vest the plaintiff with any higher rights or stronger equity, in the mortgage given by Smith, than Cowan himself had; and if in his hands the mortgage was canceled, or could not have been enforced, neither could plaintiff enforce it. (Potter vs. McDowell, 43 Mo., 93–98; Linville, etc. vs. Savage, 58 Mo., 248–255; Shirm vs. Fredericks. 56 Ills., 439; Bailey vs. Smith, 14 Ohio St., 396; Craft vs. Bunster, 9 Wis., 503–8.)

II. The note of Smith being assigned to plaintiff as collateral security for the loan of $1,200, any defense against Cowan is available against his assignee. (Goodman vs. Simmonds, 19 Mo., 106; Potter vs. McDowell, 43 Mo., 93–98.)

*John D. Strong, with Vinton Pike*, for Respondent.

I. Plaintiff being a *bona fide* holder of the note and mortgage, evidence of any equities existing against Smith and Cowan in respect of this transaction is inadmissible. (Carpenter vs. Longan, 16 Wal., 271, and cases cited ; 16 Wal., 468; 2 Pow. Mort., 973.) The authorities sustain this objection upon three grounds.

1. The mortgage follows the debt and partakes of its character. If the debt is negotiable, the mortgage must be. It is an inseparable incident of the debt. (Croft vs. Bunster, 9 Wis., 503.)

2. The mortgagee is a purchaser *pro tanto*, and may assign just as a fraudulent grantor of the fee may convey a valid title to an innocent purchaser. (Pierce vs. Farrar, 47 Me., 507.) ·

3. The mortgagor's contract is, that he will pay the note when it becomes due to any *bona fide* holder, without defense, and his property shall stand pledged for the fulfillment of that obligation. (Carpenter vs. Longan, *supra*.)

II. A mortgage has no separate existence and passes with an assignment of the debt. (Watson vs. Hawkins, 60 Mo., 554 ; McQuie vs. Peay, 58 Mo., 61 ; 2 Pow. Mort., 913.)

In Linville vs. Savage (58 Mo., 249), the point was not made by the assignees who asked a reversal of that case entirely upon other grounds.

HOUGH, Judge, delivered the opinion of the court.

This was a proceeding to foreclose a mortgage under the statute.

On the 17th day of January, 1870, Samuel F. Cowan sold and conveyed by warranty deed, to the defendant Smith, the land described in the mortgage sought to be foreclosed, for the sum of $3,000. The defendant paid $1,800 in cash, and for the remaining $1,200 made and delivered his negotiable promissory note of that date to said Cowan, payable on the 25th day of December, 1870, and to secure the payment of the same, executed said mortgage. At the date of

said sale, there was on record a mortgage on said land, made by Cowan on the 22d day of December, 1869, to one Floyd, from whom Cowan had purchased said land, to secure the payment of two notes of $770 each for unpaid purchase money, dated August 30th, 1869, and due respectively on the 1st day of March, and on the 25th day of December, 1870.

The defendant, Smith, had no knowledge of this mortgage at the time of his purchase, and he first learned of its existence on the 25th day of March, 1870, when Floyd notified him that Cowan had made default in the payment of his first note. Smith then saw Cowan, and it was agreed between them that Smith should raise $500, and Cowan should raise the balance necessary to pay off said note. In pursuance of said agreement, Smith paid $500 to Floyd on the 25th day of May, 1870, which was credited on Smith's note to Cowan; but Cowan failed to raise any money whatever. It was then further agreed between them, that Smith should become responsible on the Floyd notes to the extent of the balance on his note to Cowan for $1,200, not then due, and thus extinguish his indebtedness to Cowan. Cowan then stated to him that the mortgage had not been recorded, and should not be, but the note was not surrendered. Time was given on the balance of the first note, as is shown by the date of payment, and Smith subsequently paid the whole of the Floyd notes, and had satisfaction of the mortgage entered of record.

On the 9th day of August, 1870, the plaintiff, Logan, loaned to Cowan the sum of $1,200, taking a note from him therefor, and a transfer of Smith's note for $1,200 as collateral security, being informed by Cowan that it was secured by the mortgage before mentioned. This mortgage was never recorded, nor was it delivered to Logan, and it appears from the evidence to have been lost.

Soon after this transaction Cowan became insolvent. Smith was notified of the transfer of his note to the plaintiff, a short time prior to its maturity, and before any payments were made by him on the Floyd notes, other than that of $500 on May 25th, 1870, which was indorsed on the note; but as

we infer from the record, that Smith entered into some personal obligation to Floyd to the extent of his liability to Cowan, we shall not regard the payments thereafter made by him as affecting his rights. There was no evidence of any knowledge on the part of Logan, or of notice of any kind to him, of the arrangement made by Smith to discharge his debt to Cowan by paying the amount thereof to Floyd. The circuit court rendered judgment for the plaintiff on the note for the balance due and interest, and for foreclosure of the mortgage.

On the foregoing facts it is contended by the defendant, that the plaintiff was not entitled to judgment, first, because he could not be regarded as a *bona fide* holder of the Smith note, inasmuch as he took it as collateral security ; and second, because the mortgage was not negotiable, and the plaintiff could not acquire by the simple transfer of the note any greater right to enforce the mortgage security than Cowan had.

Objection is made to the form of judgment, but we think it is without force.

In support of the first position, we have been referred to the case of Goodman vs. Simmonds (19 Mo., 106). That case goes only to the extent of declaring, that one, who takes negotiable paper as collateral security for a pre-existing debt, will hold it subject to all the equities existing between the original parties. It is otherwise in the case at bar. Logan took Smith's note as collateral security, not for a pre-existing debt, but for a debt created at the time, and on the faith thereof, with notice of no equities, and he thereby undoubtedly became a holder for value. (1 Pars. Notes and Bills, 224.)

The second point made by the defendant presents a more intricate question. The plaintiff had an undoubted right to collect the whole amount due on the note transferred to him by Cowan, regardless of the existence of any right in the defendant at the time of its transfer to have it discharged in the manner agreed upon between himself and Cowan.

The question presented is, whether by the transfer of the note the mortgage security held by Cowan also passed to the plaintiff, divested of all the equities existing between the original parties. The defendant contends on the authority of Linville vs. Savage (58 Mo., 248), that it did not.

It is well settled, that, unless the mortgage has been in some way separately extinguished, as by release for instance, the transfer of the note carries the mortgage with it as an incident. The mortgage itself is not a negotiable instrument, and cannot be transferred as such, but the indorsee of the note acquires a right to the security afforded by it by reason of the stipulation contained in the mortgage itself, that the property conveyed by it may be subjected to the payment of the full amount which the payee, or any indorsee, shall be entitled to recover as the holder of the note.

In the language of Justice Swayne, in Carpenter vs. Longan (16 Wal., 271–3), " the contract as regards the note was, that the maker should pay it at maturity to any *bona fide* indorsee, without reference to any defenses to which it might have been liable in the hands of the payee. The mortgage was conditioned to secure the fulfillment of that contract."

The plaintiff here, being unaffected by the agreement between Cowan and Smith, has the same right in the mortgage which Cowan would have had at the date of the transfer, if no such agreement had ever been made. To state the matter generally, the indorsee of a negotiable note, who takes it discharged of the equities to which it was subject in the hands of the payee, acquires the same right in a mortgage given to secure it, which the payee would have had, if no equities had ever existed against the note.

We do not understand the case of Linville vs. Savage to deny this. The spirit of that case is, that the indorsee for value, before maturity of a negotiable note, which was subject to no equities in the hands of the payee at the time of the transfer, cannot acquire any greater right in a mortgage, given to secure it, than the payee had. That is, if the land conveyed by the mortgage was subject to prior liens in favor

of a third party (which would constitute, of course, no equity as between the immediate parties to the mortgage), the indorsee of the note would only acquire the right to enforce his claim against the land, subject to such liens, whether he had notice of them or not.

In the present case, there are no equities affecting the character or value of the security itself, and the only question is, whether the security passed to the plaintiff as indorsee of the note.

In Linville vs. Savage, it was conceded that the security passed to the holder of the note, but the question was, how much security did the mortgage afford? Was it subject to a prior lien in favor of a third party as against the indorsee of the note?

If the land conveyed in the mortgage made by Smith to Cowan had been, at the institution of the present suit, subject to a vendor's lien in favor of Floyd, of which Cowan had notice, and the plaintiff had not, and the plaintiff was seeking to enforce his mortgage as a prior security, because he took without notice of such lien, the precise question passed upon in Linville vs. Savage, would be presented. Such, however, is not the case.

The plaintiff being a *bona fide* holder of the note in suit, and as such entitled to the benefit of the mortgage made to secure it, the judgment of the circuit court was right, and will therefore be affirmed. Judges Wagner and Napton concur. Judge Sherwood concurs in the result. Judge Vories absent.