THE FIRST NATIONAL BANK OF MAUCH CHUNK *et al.* v. ROHRER, LEBOLD *et al.*; HARKNESS *et al.*, *Appellants.*

Division Two, March 23, 1897.

1. **Fraud**: UNRECORDED MORTGAGE: PLEADING. Where a pleading charges fraud, the facts constituting the fraud must be alleged. If appellants had purposed assailing a deed and mortgage upon the ground of fraud, because of their having been withheld from the record for a fraudulent purpose, they should have so alleged in their pleadings.

2. ———: ———. Lebold & Fisher sold land to Rohrer, who gave to them his notes to the amount of $75,000, secured by a mortgage on the land. By an agreement between the parties the deed and mortgage were kept off the record for a few months in order that Rohrer might the better sell the land. All the notes were assigned for value before maturity, and the deed and mortgage were recorded before the notes became due. Rohrer also made another note for $4,400 to the

same payees, who endorsed it to the appellants before the deed and mortgage were recorded. Appellants, after service by publication, obtained a judgment lien on the land, by suit in attachment, after the deed and mortgage were recorded, and in the present action asked that their judgment be made a prior lien to the mortgage. There was no evidence that the appellants were in anywise misled or deceived because the deed and mortgage were not of record at the time they bought the $4,400 note, or that they were induced to buy it by any representations that Lebold & Fisher were owners of the land, but on the contrary the evidence all showed that they purchased on the general credit of the indorsers. *Held*, that even if fraud had been properly alleged, there was no evidence that the arrangement operated as a fraud upon appellants, and hence no sufficient evidence to make the mortgage a junior lien to the judgment.

3. **Unrecorded Mortgages:** JUDGMENTS: PRIORITY OF LIENS. The law is well settled in this State that the title of a *bona fide* purchaser or mortgagee under a deed or mortgage not recorded, is good against creditors at large, and is also good against sales under judgments and executions if the deed or mortgage is duly recorded before such sales.

4. **Negotiable Note:** INNOCENT PURCHASER. The purchaser in good faith, for value, before maturity, of a negotiable promissory note, secured by a mortgage upon real estate, takes the security, which passes as an incident to the note, free from the equities or any private arrangement between the original maker and payee.

*Appeal from Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellants. .

(1) The withholding from record of the deed from Lebold & Fisher to Mr. Rohrer, and the mortgage back, was a fraud upon the appellants, Harkness, Wyman & Russell. Lebold & Fisher are in law conclusively presumed to have intended the legitimate effects of their own acts. *Bank v. Doran*, 109 Mo. 42; *Bank v. Frame*, 112 Mo. 515; *Bank v. Buck*, 123 Mo. 141; *Hildeburn v. Brown*, 17 B. Mon. 779; *Hillard v. Cagle*, 46 Miss. 309; 2 Bigelow on Fraud, p. 365; *Seals v. Robinson*, 75 Ala. 363; *Bank of U. S. v. Houseman*, 6 Page,

526; *Blackman v. Preston*, 123 Ill. 381; *Sanger v. Guenther*, 73 Wis. 354; *Coates v. Gerlach*, 44 Penn. St. 43; *Blennerhassett v. Sherman*, 105 U. S. 100; *Hildreth v. Sands*, 2 Johnson's Chan. 335; *Gill v. Griffith*, 2 Md. Chan. 270; *Hungerford v. Earle*, 2 Vern. 261; *Bank v. Jaffray*, 41 Kan. 711; *Hoagland v. Wilson*, 15 Neb. 320. (2) Neither the note holders in this suit nor Mr. Hurd can claim protection as innocent mortgagees or purchasers, so as to cut off the appellants' right to avoid the deed and mortgage. *Carpenter v. Longan*, 16 Wall. 271; *Myer's Assignee v. Hazzard*, 4 McCrary Rep. 94; *Orrick v. Durham*, 79 Mo. 178; *Hagerman v. Sutton*, 91 Mo. 533; *Patterson v. Booth*, 103 Mo. 414; *Mason v. Black*, 87 Mo. 341; *Poage v. Railroad*, 24 Mo. App. 199; Wade on Notes [2 Ed.], sec. 18; *Griffin v. Griffin*, 18 N. J. Eq. 104: *Pierce v. Faunce*, 47 Me. 514; *Sergeant v. Ingersoll*, 7 Pa. St. 340.

*Gage, Ladd & Small* for respondents.

(1) The contention which the appellants make here is not within their pleadings, and is evidently an afterthought. They assert now that the deed and mortgage were withheld from record, and that upon that ground the mortgage must be postponed to their claim. *Hoester v. Sammelmann*, 101 Mo. 619; *Reed v. Bott*, 100 Mo. 62; *Bank v. Doran*, 109 Mo. 40, *loc. cit.* 51, 52; *Clough v. Holden*, 115 Mo. 336; *Smith v. Sims*, 77 Mo. 269; *Baldwin v. Whaley*, 78 Mo. 186; *Newham v. Kenton*, 79 Mo. 382; *Ross v. Ross*, 81 Mo. 84; *White v. Rush*, 58 Mo. 105; *Cox v. Esteb*, 68 Mo. 110. (2) The doctrine of the cases cited by appellants can not avail them. In all the cases referred to in their brief, the parties, upon whose complaint conveyances withheld from record were postponed, had become creditors relying upon the apparent ownership of the grantors, and

the indebtedness was incurred because the creditor believed that the apparent owner was the real owner, and extended credit upon the basis of such ownership—credit which would have been denied had the true facts been known.    (3) No creditor can invoke the doctrine of the cases referred to by the appellants, who did not become such during the period intervening between the making of the conveyance and its filing for record. (4)    The purchaser, in good faith, for value, before maturity of negotiable paper secured by mortgage upon real estate, takes the security by the same title which he acquires to the paper.

*C. F. Mead* also for respondents.

(1)    A careful examination of the cases cited in appellants' brief will disclose that in every instance where an unrecorded conveyance has been postponed to the claims of an attaching creditor, the following facts have existed:    *First.* Either the conveyance was without consideration, or it was in pursuance of an agreement between the grantor and grantee withheld from the record and concealed with a view of sustaining the credit of the grantor.    *Second.* The creditor seeking to set the conveyance aside knew of the record title, was misled by it and induced to extend credit to the grantor upon the faith of his ownership of the property.    *Bank v. Doran,* 109 Mo. 42; *Bank v. Buck,* 123 Mo. 141; *Bank v. Frame,* 112 Mo. 515; *Hildeburn v. Brown,* 17 B. Mon. 779; *Hilliard v. Cargle,* 46 Miss. 309; *Seals v. Robinson,* 75 Ala. 363; *Bank v. Houseman,* 6 Page, 526; *Hildreth v. Sands,* 2 Johns. Ch. 355; *Gill v. Griffin,* 2 Md. 270; *Hungerford v. Earle,* 2 Vern. 261; *Bank v. Jaffrey,* 41 Kan. 711; *Hoagland v. Wilson,* 15 Neb. 320; *Davis v. Ownsby,* 14 Mo. 170; *Valentine v. Havener,* 20 Mo. 133; *Stillwell v. McDonald,* 39 Mo. 283; *Foster v. Holbert,* 55

Mo. 22; *Sappington v. Oeschli*, 49 Mo. 244; *Banking Co. v. Duncan*, 86 N. Y. 221; *Fulsom v. Clemmons*, 11 Mass. 277; *Stewart v. Hopkins*, 30 Ohio St. 29; *Thompson v. Pearson*, 29 N. J. Eq. 487; *Curry v. Macaulay*, 20 Fed. Rep. 583 (distinguishing *Blennerhassett v. Sherman*, 105 U. S. 100); Wait on Fraudulent Con. & Cred.'s Bills, 235. (2) The issue in this case is between the appellants and the innocent purchasers of these mortgage notes for value before maturity. *Hagerman v. Sutton*, 91 Mo. 519; *Mayes v. Robinson*, 93 Mo. 114; *Patterson v. Booth*, 103 Mo. 402; *Carpenter v. Longam*, 16 Wall. 271; Bigelow on Law of Frauds, page 388; *Huff v. Morton*, 83 Mo. 399; *Koenig et al. v. Branson*, 73 Mo. 634.

*Scammon, Crosby & Stubenrauch* also for respondents.

(1)  It has become a rule of property in Missouri, and is the settled law of the State, that the title of a *bona fide* purchaser or mortgagee under a deed or mortgage not recorded is good against creditors at large, and against attachments and judgments, if the deed or mortgage is recorded before sale thereunder. *Stillwell v. McDonald*, 39 Mo. 282; *Davis v. Ownsby*, 14 Mo. 170; *Sappington v. Oeschli et al.*, 49 Mo. 244; *Potter v. McDowell*, 43 Mo. 93; *Reed v. Ownsby*, 44 Mo. 204. (2) The withholding of a mortgage from record does not postpone it to lien of a subsequent attaching creditor, unless the withholding is fraudulent, actual or constructive. *State Savings Bank v. Buck*, 123 Mo. 141; *State Bank v. Frame*, 112 Mo. 502; *Bank v. Doran*, 109 Mo. 42; *Walsh v. Chambers*, 13 Mo. App. 303; *Paper Co. v. Guenther*, 67 Wis. 101; *Sanger v. Guenther*, 73 Wis. 356; *Hildeburn v. Brown*, 17 B. Muroe, 779. (3) The plaintiff bank, by the purchase of the note in suit,

which was negotiable for value before maturity, took it free of all equities between the original parties thereto, and the questions raised by the appellants can not be raised as to such a purchaser. *Mayes v. Robinson*, 93 Mo. 115; *Hagerman v. Sutton*, 91 Mo. 519; *Patterson v. Booth*, 103 Mo. 402; 2 Jones on Mortgages, sec. 834.

BURGESS, J:—This is an action to reform and foreclose a mortgage upon real estate in Callaway county. Suit was brought July 9, 1890, in the circuit court of Callaway county, but afterward, by proper proceedings, removed for trial to the circuit court of Jackson county, where, upon trial, a decree was rendered as hereinafter stated.

The mortgage was given to secure the payment of fifteen negotiable promissory notes for the sum of $5,000 each, with interest after maturity at the rate of seven per cent per annum, executed by the defendants, George W. C. Roberts and Nathan Blevins, at Chicago, on the nineteenth day of July, 1889, and made payable to the order of the defendants, Conrad H. Lebold and John M. Fisher, by the firm name of Lebold & Fisher, at the banking house of Lebold, Fisher & Co., at Abilene, in the State of Kansas.

Two of the notes were payable in four months, two in five months, two in six months, two in seven months, two in eight months, two in nine months, two in ten months, and one in eleven months after their date. The consideration for the notes was the conveyance by said defendants, Conrad H. Lebold and John M. Fisher, to the said defendant, George W. C. Rohrer, of a large tract of land in Callaway county, Missouri, described in the petition.

The mortgage was upon this same land, was executed by George W. C. Rohrer and Maggie Rohrer, his wife, was dated July 19, 1889, acknowledged by

George W. C. Rohrer in Callaway county, Missouri, on the twenty-sixth of July, 1889, and by his wife in Dickinson county, Kansas, on July 23, 1889. It was filed for record in the office of the recorder of Callaway county, November 4, 1889. The mortgage conveyed the property to Lebold and Fisher, and recites upon its face that it was "intended as a mortgage to secure the payment of the sum of $75,000 according to the terms of one certain promissory note this day executed and delivered by the said George W. C. Rohrer and Maggie Rohrer to the said parties of the second part."

There was no such promissory note as the one described in the mortgage, which was clearly intended and designed by all the parties to it to secure the payment of the fifteen notes, aggregating $75,000, given for the purchase money of the land, but by mistake it purported to secure one note for $75,000.

Lebold, Fisher & Company was a firm of bankers doing business at Abilene, in the State of Kansas, composed of Conrad H. Lebold and John M. Fisher. The same persons were also partners in some other kinds of business under the firm name of Lebold & Fisher. The ten notes first maturing were all indorsed by Lebold & Fisher to the order of Lebold, Fisher & Company, and were afterward, and before their maturity, sold by Lebold, Fisher & Company, one to each of ten different parties to this suit, Lebold, Fisher & Company indorsing each of them before such sale. One of the four months notes became in this manner the property of the First National Bank of Mauch Chunk, Pennsylvania, one of the plaintiffs. The other nine of the ten in like manner became the property respectively of the plaintiff, the First National Bank of Oxford, New York; the defendants, Hanover Savings Fund Society of Hanover, Pennsylvania; B. R. Abbe; the People's Bank of Newport, Pennsylvania;

the Fidelity Trust Company; the Schuster–Hax National Bank of St. Joseph, Missouri (G. W. Clawson); the Hartford National Bank of Hartford, Connecticut; the Lawrence National Bank of Lawrence, Kansas, and the American National Bank of Hartford, Connecticut. The other five notes were not sold by Lebold, Fisher & Company, but were in their possession at the time of their failure.

On October 31, 1889, Lebold, Fisher & Company made a general assignment of all their property and effects for the equal benefit of their creditors under the laws of the State of Kansas, to Clarence F. Mead. This assignment was recorded on the same day. On the twenty-seventh day of November, 1889, the defendant, John Johntz, was elected assignee of the estate of the insolvent firm, and qualified, and assumed the performance of his duties. As such assignee he came into possession of the last maturing five of the fifteen notes.

The defendant, George W. C. Rohrer, acquired his title to the real estate covered by the mortgage, by a deed from John M. Fisher and Conrad H. Lebold and their wives, dated November 13, 1888, acknowledged November 30, 1888, and filed for record in the office of the recorder of Callaway county, November 4, 1889. The defendant, George W. C. Rohrer, and his wife executed to the defendant, George W. Hurd, a deed for the property, dated November 2, 1889, acknowledged by George W. C. Rohrer, November 4, 1889, and by his wife, November 2, 1889, and recorded November 4, 1889. The deed from Lebold and Fisher to Rohrer, and the mortgage from Rohrer to Lebold and Fisher, were recorded before the deed from Rohrer to Hurd. Although the conveyance to Hurd was absolute in form, it was taken by him as vice-president and agent of the First National Bank of Abilene, Kansas, as

security for certain indebtedness owing by Rohrer to that bank. It was, by its terms, subject to the mortgage sought to be foreclosed.

The appellants, Lamon V. Harkness, Walter Wyman and Lamon D. H. Russell, constituted the firm of Harkness, Wyman & Russell. The defendant, George W. C. Rohrer, executed his note for $4,400, dated at Abilene, Kansas, September 13, 1889, payable six months after date to the order of Lebold, Fisher & Company, which they afterward sold and indorsed to Harkness, Wyman & Russell. They brought suit on it by attachment against George W. C. Rohrer, the maker, and Lebold & Fisher, the indorsers, in February, 1890, in the circuit court of Callaway county, and levied an attachment upon the land described in the mortgage. The defendants in that suit were brought into court by publication, and special judgment was rendered against them on May 9, 1890.

The deed from Lebold & Fisher to Rohrer, and the mortgage from Rohrer to Lebold & Fisher were withheld from record by an arrangement between John M. Fisher and Rohrer, the reason being that by recording them it might interfere with a sale of the property. The deed and mortgage about the time of the assignment of Lebold, Fisher & Co. were found by C. F. Mead who had been their attorney, and who became their assignee, among their papers, and at his direction they were at once sent for record by Fisher. None of the notes were due at the time the deed and mortgage were recorded. They were not only not due at that time, but they recited upon their face that they were given "for purchase money," and the parties who purchased the ten notes were informed that they were secured by mortgage on the land purchased by Rohrer from Lebold & Fisher.

The answer of Harkness, Wyman & Russell ad-

mitted the recovery by them of the special judgment in attachment at the May term, 1890, of the Callaway circuit court; denied that at the time of bringing the attachment suit they had notice of the mistake in the mortgage, as alleged in the petition; averred that they acquired their judgment lien in good faith for a valuable consideration, without any knowledge or notice of the equities claimed by plaintiffs in regard to the alleged mistake, and claimed, therefore, that plaintiffs could not have any priority over the attachment by reason of any mistake in the mortgage; denied that the mortgage was executed on the nineteenth of July, 1889, or that it was intended to secure the fifteen notes; averred that the mortgage was defectively acknowledged, and was, therefore, recorded without authority of law, and that its record was insufficient to constitute constructive notice to them of the alleged mortgage sought to be corrected and foreclosed by the petition; averred that the plaintiffs as national banks were, by virtue of the act of their creation and incorporation, incapacitated to accept or take the mortgage mentioned as security for the notes.

Their answer further alleged that the mortgage from Rohrer and the deed to him from Lebold & Fisher were made with the intent on the part of Lebold & Fisher and Rohrer to defraud, hinder and delay them and others as their creditors, and to cover up the lands so conveyed and mortgaged and prevent their subjection to the debts of the creditors of Lebold & Fisher and Rohrer, and that the plaintiffs took the notes mentioned in the petition with knowledge of such fraudulent intent, and ought not, therefore, to have precedence or priority over the attachment liens of the defendants. It also denied all allegations of the petition not specially admitted.

The decree was for the reformation and foreclosure

of the mortgage and sale of the mortgaged property, and adjudged that out of the proceeds of sale, the sheriff should pay, first, the costs of the suit; next, certain taxes upon the property paid by one of the parties; next, to the holders of the ten notes in the order in which they matured, the amounts due upon them respectively; next, to John Johntz, assignee, the amount due upon the five notes held by him; next, to George W. Hurd, as trustee and agent of the First National Bank of Abilene, the amount of the indebtedness of the defendant Rohrer to that bank, and next, the amount of the judgment of Harkness, Wyman & Russell, the appellants, and the surplus, if any, to the defendant George W. C. Rohrer.

From the judgment rendered Harkness, Wyman & Russell appealed and bring the case here for review.

The first question for consideration is as to the effect of withholding from the record the deed from Lebold & Fisher to Rohrer, and the mortgage from Rohrer to Lebold & Fisher to secure the payment of the purchase money for the land, upon Harkness, Wyman & Russell as the holders of one of the notes. It is contended by appellants that it was a fraud upon them. That the law gives to the creditor the right to rely upon the apparent property of the debtor in extending to him credit either in the creation of an indebtedness or in any subsequent renewal thereof, and will hold as fraudulent any device or secret trust by which the creditor is deceived as to the apparent property of his debtor, or deprived of the right to look to such property for the satisfaction of his debt.

A sufficient answer to this contention is that no such question is presented by their pleadings in which the only allegation of fraud is, that the mortgage sought to be corrected and foreclosed by plaintiffs, as well as a deed, absolute in form, for the same lands

described in the mortgage theretofore made, for the purported consideration of $300,000 on November 13, 1888, by Lebold & Fisher to George W. C. Rohrer, were made with the intent on the part of Lebold & Fisher and Rohrer to defraud, hinder and delay these defendants and others as their creditors, and to cover up the lands so conveyed and mortgaged, and to prevent their subjection to the debts of the said creditors of said Lebold & Fisher and of Rohrer.

The rule is that where a pleading charges fraud the facts constituting the fraud must be alleged. *Clough v. Holden,* 115 Mo. 336; *Hoester v. Sammelmann,* 101 Mo. 619; *Reed v. Bott,* 100 Mo. 62; *Cox v. Esteb,* 68 Mo. 110; *Bank v. Doran,* 109 Mo. 40; *Smith v. Sims,* 77 Mo. 269; *Newham v. Kenton,* 79 Mo. 382. No ground for holding the deed and mortgage void upon facts not within the scope and meaning of the pleadings, can be considered by this court, and if appellants had purposed assailing the deed and mortgage upon the ground of fraud, because of their having been withheld from the record for a fraudulent purpose, they should have so alleged in their pleadings.

But if sufficiently pleaded the evidence in support of it was not sufficient upon which to predicate a judgment or decree upon that theory of the case. In order to do so, the agreement to withhold the deed and mortgage from record for an indefinite time, without more, was not sufficient, but the agreement must have been made for the purpose of deceiving others, or must have had that effect.

In *Bank v. Buck,* 123 Mo. 141, there was an understanding between the bank and Buck & McCrosky, when the deeds were accepted by the bank that they should be withheld from record until the bank deemed it necessary to record them for its protection, but, in making this agreement, the parties thereto were not

actuated by any actual fraudulent purpose or evil design to injure the creditors of Buck & McCrosky.

Buck & McCrosky were the apparent owners of large real estate property. One of the depositors in the bank of Buck & McCrosky and a party to the suit by the name of King examined the records in the recorder's office of the county about a month before they made an assignment, to see what property they owned. He found nothing suspicious and continued his deposit account. A month or so before the assignment another depositor and party to the suit by the name of Coberly became suspicious and called upon Buck for a statement; Buck said that he owned the property in litigation, the Maple Avenue farm and other land which he named. With these statements Coberly let his account amounting to about $10,000 stand. These depositors knew nothing about the unrecorded deeds held by the plaintiff, but supposed Buck was the owner of the properties thereby conveyed and of which he at all times had possession.

The court said: "Now, Buck & McCrosky were by means of these deeds enabled, in part at least, to obtain credit with the plaintiff to three times the amount of their capital in their banking business, and to incur a further contingent liability on re-discounts to twice the amount of such capital. They were daily creating debts at their place of business in DeKalb county, and this fact must have been well known to the plaintiff, for the business relations existing between it and them as disclosed by the evidence before recited gave the plaintiff such knowledge. Buck was in possession of the property, and he and McCrosky were doing business in a part of it, and he was the apparent and reputed owner of all of it. Had these deeds been recorded, depositors and home creditors would have been put upon their guard. Withholding the deeds from record for so long

a time gave Buck & McCrosky a financial standing and credit which they could not otherwise have had, and this fact is shown by the circumstances in evidence as well as by the direct and positive statements of the defendants, made on the witness stand.   Indeed, we feel bound to say the deeds were not recorded because it was believed to do so would injure the business of the grantors.  · Looking to the character of the business in which Buck & McCrosky were engaged, and which was well known to the plaintiff, the necessary and inevitable result of withholding these deeds from record was to give Buck & McCrosky a false financial standing, and to mislead and deceive the defendants and other depositors, and the plaintiff must be held in law to have intended that result, though actuated by no fraudulent or evil motive.   The deeds must be held fraudulent as to the defendants.'' The same rule is announced in *The Central National Bank v. Doran et al.*, 109 Mo. 40, and in *Bank v. Frame*, 112 Mo. 515.

But in the case in hand neither of the appellants testified as a witness on the trial; there was no evidence that they were misled or induced to give credit by the fact of the apparent ownership, or that they would not have purchased the note if they had known that Lebold & Fisher had sold the property to Rohrer and in return taken from him a ·mortgage on the whole of it to secure the payment of the purchase money.

Nor was there any evidence that either Harkness, Wyman or Russell ever at any time before they purchased the note, knew that Lebold & Fisher had ever owned the land embraced in the deed and mortgage, or that they purchased the note on the faith of the ownership of the property.   On the other hand the evidence showed that at the time they purchased the note Rohrer, Lebold, Fisher & Company were all

reputed to be perfectly solvent, which in the absence of evidence to the contrary tended to show that they relied upon the financial standing of the parties to the note, and not upon property with respect to which they had no knowledge. It has always been held in this State "that the title of a *bona fide* purchaser or mortgagee under a deed or mortgage not recorded, is good against creditors at large, and is also good against sales under judgments and executions, if the deed or mortgage is duly recorded before such sales." *Sappington v. Oeschli et al.*, 49 Mo. 244; *Davis v. Ownsby*, 14 Mo. 170; *Valentine v. Havener*, 20 Mo. 133; *Stillwell v. McDonald*, 39 Mo. 282; *Potter v. McDowell*, 43 Mo. 93; *Reed v. Ownby*, 44 Mo. 204; *Bank v. Buck, supra; Loewen v. Forsee*, 137 Mo. 29.

Another contention is that neither the noteholders in this suit nor Mr. Hurd can claim protection as innocent mortgagees or purchasers, so as to cut off the appellants' right to avoid the deed and mortgage.

Whatever the rule may be elsewhere, it is well settled in this State that the purchaser in good faith for value before maturity of a negotiable promissory note secured by mortgage upon real estate, takes the security, which passes as incident to the note, free from the equities or any private arrangement between the original parties. *Patterson v. Booth*, 103 Mo. 403; *Logan v. Smith*, 62 Mo. 455.

In *Hagerman v. Sutton*, 91 Mo. 519, it is said: "The next point for consideration is the effect of plaintiff's purchase of the note, which was secured by the mortgage. When plaintiff purchased the note the mortgage passed with it as an incident thereto. This has been the rule since an early day in this State. And when a note is under due, when transferred, and is negotiable, the presumption arises of want of notice, which presumption holds good till countervailing proof

be made. The mortgage being the incident partakes of the negotiability of its principal, to wit, the note, without any former assignment or delivery, or even mention, of the former. But for the note, the mortgage never would have existed; it owes its birth and being to the note, and ceases to exist when the latter is discharged. At the outset of his case, then, plaintiff started with the presumption before mentioned in his favor; *prima facie*, he took the mortgage as he took the note, upon the same footing of equality and with the same rights that equity accords to both instruments. No hidden lien, undisclosed priority, or secret trust, between Downing and any third person, could affect his interests or prejudice his claims to full satisfaction out of the mortgaged premises. He took the mortgage as he took the note.''

The same rule was announced in *Mayes v. Robinson*, 93 Mo. 114, in which it was said: ''If the defendant took the note discharged of any equities to which it was subject in the hands of the payee, the deed of trust passed to him discharged of such equities to the same extent. *Logan v. Smith*, 62 Mo. 455. The deed of trust, being incident to the note, partook of the negotiability of its principal. *Hagerman v. Sutton*, 91 Mo. 519, and authorities cited. If the defendant was a *bona fide* holder of the note for value before maturity, without notice, he was in equal measure such *bona fide* holder of the deed of trust.''

But conceding that the noteholders were bound to take notice of the condition of the record, which showed at the time they became the purchasers of the notes the title to the land to be in Lebold & Fisher, and for the sake of the argument that the condition of the record was sufficient to put them on inquiry as to the reason why the deed and mortgage were withheld from record; and if they had done so they would have

learned that it was because of an arrangement between Rohrer and Lebold & Fisher to the end that the execution of the deed and mortgage might not interfere with the sale of the land by Rohrer? this would not justify the postponement of the payment of their notes to that of appellants unless the arrangement operated as a fraud upon appellants by inducing them to purchase the note which they hold upon the faith of the ownership of the land by Lebold & Fisher. Before appellants can complain of the ruling of the trial court it must appear that they have been aggrieved thereby, and as it does not appear that they were in any way misled, deceived or defrauded by the action of Lebold & Fisher, in withholding the deed and mortgage from the record for a little over four months, the judgment should be affirmed, and it is so ordered. GANTT, P. J., and SHERWOOD, J., concur.