## MONETT STATE BANK, Respondent, v. EUBANKS, Appellant.

### St. Louis Court of Appeals, April 16, 1907.

1. **BILLS AND NOTES: Collateral Security: Indorsee and Notice of Equities.** An indorsee before maturity of a negotiable promissory note taken as collateral security for a loan made at the time, is a holder for value and unaffected by equities between the maker and payee, of which he had no notice, and where such collateral note is secured by mortgage, the mortgage passes to the indorsee as an incident to the note.

2. ——: ——: ——: **Pleading.** In an action on a note by the indorsee to whom it was indorsed as collateral security to

Bank v. Eubanks.

.a loan made at the time, where the answer stated no notice of any infirmities in the note, and there was no evidence of such notice, a peremptory instruction to find for the plaintiff was proper.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston*, Judge.

'AFFIRMED.

*Mayhew & Sater* for appellant.

A holder of negotiable papers as collateral for a pre-existing debt and having given no consideration therefor and not being an innocent purchaser for value before maturity, holds it liable to equities existing between the original parties. Wine Co. v. Rinehart, 42 Mo. App. 171. The rule is well settled that a transfer of personal property as a security for an antecedent debt does not render the transferee a bona fide purchaser for value since the creditor parts with no value, surrenders no right, and places himself in no worse position legally than before. This is the doctrine in Missouri even as applied to the assignment of negotiable paper to secure a pre-existing debt. Watson v. Printing Co., 56 Mo. App. 145. Where a second chattel mortgage is given and the first is not surrendered it is purely a voluntary act on the part of the maker and is without consideration and void. Hune v. Egan, 83 Mo. App. 576; Marks v. Banks, 8 Mo. 319. It is true if third party be without any notice of existing equities and there is a conflict of evidence as to such notice the question should go to the jury.

*A. M. Peel* and *R. H. Davis* for respondent.

The mere possession of a negotiable instrument endorsed in blank, imports prima facie that the holder acquired bona fide, for value, in the usual course of business, before maturity, and without notice of circumstan-

ces impeaching its validity. Johnson v. McMurry, 72 Mo. 282; Daniel on Neg. Inst., sec. 812; Tiedeman on Com. Paper, sec. 303.

STATEMENT.—The action is on the following promissory note, indorsed in blank by the payee, William McCormack:

"$500. Monett, Mo., July 27, 1905.

"October 1, 1905, after date I promise to pay to the order of Wm. McCormack five hundred dollars, for value received, negotiable and payable without defalcation or discount, at the office of the Monett State Bank, Monett, Mo., and with interest from date at the rate of seven per cent per annum, and if the interest be not paid annually to become principal and bear interest at the same rate. J. C. EUBANKS."

The petition is in the usual form. The answer admitted the execution of the note, but as a special defense, stated, in substance, that in 1904, defendant bought a threshing machine of McCormack which McCormack represented to him to be free of all incumbrances; that for the purchase price defendant gave McCormack his three promissory notes aggregating about $1,800, which he secured by chattel mortgage on the threshing machine; that afterwards McCormack borrowed $550 of the Citizens' Bank of Monett and delivered said notes and chattel mortgage as collateral to secure said loan; that on the maturity of McCormack's note to the bank, he was unable to pay it and at his request defendant executed to him three new notes and a new chattel mortgage, whereupon McCormack renewed his note to the bank and deposited the three new notes and the chattel mortgage as collateral security, and the note sued on is the first to mature of the said new notes; that at the time defendant purchased the threshing machine it was incumbered by a mortgage given by McCormack to

Nichols, Shepherd & Co., who took possession of the machine and sold it under their mortgage a short time after defendant's purchase, and by reason of these facts the notes, including the one sued on, are wholly without consideration. It is also stated in the answer that the new notes and chattel mortgage were executed for the purpose of renewing the first or original notes and chattel mortgage, which were to be cancelled and delivered to defendant, but plaintiff bank refused to cancel said old notes and chattel mortgage or to deliver them to defendant. On motion of plaintiff that part of the answer which alleges the threshing machine was mortgaged to Nichols, Shepherd & Co., and was by that company taken and sold under its mortgage was stricken out.

The facts are, McCormack borrowed from the Citizens Bank of Monett $550, for which he gave the bank his note and indorsed the notes of defendant, secured by the chattel mortgage on the threshing machine in blank and delivered them to the bank as collateral security for the payment of his own note. Afterwards the Citizens Bank was consolidated with or taken over by the plaintiff bank, which paid value received for the assets of the Citizens Bank, including the McCormack note. When McCormack's note became due he was unable to pay it. One of defendant's notes pledged to the bank as collateral was also due. McCormack went to defendant, related these facts and said to him that he (McCormack) could renew his note, if defendant would renew his notes and give him a chattel mortgage on the machine. Defendant agreed to do this and three new notes, including the one sued on, were given by defendant to McCormack and secured by a new chattel mortgage on the threshing machine, whereupon McCormack renewed his note to the bank and indorsed and deposited the defendant's renewal notes and chattel mortgage with

the bank as collateral. The original notes and mortgage were delivered by the cashier of the bank to McCormack, who, according to defendants' evidence, failed to surrender them to him, and does not appear what McCormack did with them.

At the close of the evidence, under a peremptory instruction from the court, the jury returned a verdict for plaintiff for the full amount of the note sued on.

BLAND, P. J. (after stating the facts).—An indorsee of an underdue negotiable promissory note, taken as collateral security for a loan made at the time, is a holder for value and is not affected by any equities between the makers and the payee, of which he had no notice. [Logan v. Smith, 62 Mo. 455; Deere v. Marsden, 88 Mo. 512; Merchants' Nat. Bank v. Abernathy, 32 Mo. App. 211.] And if the collateral note is secured by a mortgage, the latter passes to the indorsee as an incident to the note. [Hagerman v. Sutton, 91 Mo. 519, 4 S. W. 73; The Boatmen's Saving Bank v. Grewe, 84 Mo. 477; Johnson v. Johnson, 81 Mo. 331.] Neither in what was stricken out, nor what remained in the answer is it stated that either bank had any notice of any infirmities in the note sued on, or of the original note of which it is a renewal, therefore, there is no legal defense stated in the answer, and the peremptory instruction to find for plaintiff was the only one that should have been given under the pleadings and the evidence.

The judgment is affirmed. All concur.