EMELIE EGGIMANN, Respondent, v. LOUIS HOUCK, Appellant.

St. Louis Court of Appeals.   Opinion Filed November 6, 1923.

BONDS: Government Bonds: Negotiable: Pledged Without Owner's Consent: Acquired in Good Faith, etc.: Not Recoverable.   Where another, with whom plaintiff was living, obtained possession of negotiable government bonds belonging to her without her consent, and pledged them with defendant as collateral to secure his personal debt, and it appeared from the evidence that defendant had acquired the bonds in due course, and without notice, and while acting in good faith, and for a valuable consideration, the debt which the pledgor owed defendant being in excess of the amount of the bonds, *held* plaintiff could not recover any portion of them.

Appeal from the Cape Girardeau Court of Common Pleas.—*Hon. John A. Snider,* Judge.

REVERSED AND REMANDED (*with directions*).

*Sprading & Dalton* for appellant.

(1) 1. The demurrers of appellant at the close of respondent's case, and again at the close of all the evidence in the case should have been given or sustained by the court. The United States Government Bonds Numbered 49239 and 49240 were of the third issue. They were dated on the 4th day of May, 1918, and would mature in 1928 and were payable to bearer. Appellant acquired such bonds for a valuable consideration, before they were due and without notice of any defect in the title of A. E. Feuerhahn, or without notice of any claim of the respondent for such bonds. A delivery of the bonds in

question under such circumstances passed the title. Walters v. Tielkemeyer, 72 Mo. App. 371; Savings Institution v. Heinsman, 1 Mo. App. 336; Courtial v. Lowenstein, 78 Mo. App. 485; Allen v. Harris, 79 Mo. App. 490; Mud v. Bank, 175 Mo. App. 398; Voss v. Chamberlain, 19 L. R. A. (N. S.) 106; Angus v. Downs, 57 L. R. A. (N. S.) 351; Daniels on Negotiable Instruments (5 Ed.), secs. 837, 1582. 2. The doctrine that negotiable instruments once delivered will therafter pass by a transfer or indorsement to bona-fide purchasers for value, without reference to any defect in the holder's title has been applied to Government bonds stolen after issue. Jones v. Mellis, 41 Ill. 482; Seybel v. Bank, 54 N. Y. 288. 3. The same doctrine has been held to apply to state bonds that have been stolen from the holder. Com. v. Bank, 98 Mass. 12. 4. The same doctrine has been held to apply to county bonds. Garvin v. Wiswell, 83 Ill. 215. (2) 1. At the time the United States Government bonds were delivered to appellant as collateral security for the notes executed by A. E. Feuerhahn, the appellant had no notice of any defect in the title of the party delivering the bonds and the law presumed that there had been a valid delivery of the bonds by all parties prior to him. Sec. 803, R. S. 1919; Angus v. Downs, 57 L. R. A. (N. S.) 351. 2. The fact that one holds the note as collateral security does not prevent him from being a holder in due course. Bank v. Morris, 156 Mo. App. 43; Miller v. Chinn, 195 S. W. 552; Bank v. Brown, 187 S. W. 785. (3) 1. Respondent's instruction is in conflict with appellant's instructions numbered 1 and 2. When two instructions are in conflict, and the one given by appellant is right, then the giving of the ones for respondent was error for which the case should be reversed. State ex rel. v. Ellison, 270 Mo. 645; Mansur-Tebbetts Imp. Co. v. Ritchie, 143 Mo. 587; Calhoun v. Schaff, 229 S. W. 277. 2. Instructions 1 and 2 given on behalf of appellant are correct declarations of law. Walters v. Tielkemeyer, 72 Mo. App. 371; Savings Institution v. Heinsman, 1 Mo. App. 336; Courtial v. Lowenstein, 78 Mo. App. 485; Allen v. Harris, 79 Mo. App. 490. 3. Respondent's instruction authorized a recovery if

she owned the bonds and certificate of deposit and that Alvin Feuerhahn took possession of them without her permission, knowledge or consent and pledged them to Louis Houck. That instruction is not now and never has been the law in this State. See cases cited under paragraph 1, Subdivision 1 of appellant's brief. (4) The trial court erred in excluding the question asked the jurors on *voir dire* examination touching their qualifications to serve in the cause. Plaintiff was entitled to a trial before a jury free from bias or prejudice, and in order to determine whether the prospective jurors possessed such qualifications had the right to ask such questions, the answer to which might tend to elicit such information. State v. Mann, 83 Mo. 589; Bank v. Romine, 154 Mo. App. 624; Theobald v. Transit Co., 191 Mo. 395; Saller v. Shoe Co., 130 Mo. App. 712.

*Wilson Cramer* for respondent.

(1) It is not disputed that the Liberty Bonds and certificates of deposit belonged to Emilie Eggimann and were taken out of her box and used by Feuerhahn without her knowledge or consent. He had no interest in them, but obtained possession of the papers feloniously. (2) There is no evidence in the record showing, or tending to show, that Feuerhahn was the agent of Mrs. Eggiman, nor is there anything to establish that she ratified what he had done. The questions of agency and ratification were submitted to the jury in defendant's instructions Nos. 5 and 6 and found against the defendant. (3) Instructions Nos. 1 and 2 asked by defendant should have been refused by the court if for no other reason because they relate to the bonds only and preclude plaintiff's right to recover the certificate of deposit. (4) The transaction under consideration was a pledge, not a sale, by which defendant became a purchaser for value of the things pledged. He accepted the collateral as a pledge and could therefor acquire only a special property in the things pledged. Tyler on Usury, Pawns and Loans, p. 533, Ibid., p. 557; Helm v. Albers, 244 Mo. 38. (5) A. E.

Feuerhahn had no title to the property pledged and could pass none to the defendant, so he obtained no lien thereon as against the owner, Mrs. Eggimann.   Tyler on Usury, Pawns and Loans, p. 560.

NIPPER, C.—This is the second time this case has reached this court on appeal.   See 240 S. W. 478, to which reference is made for a complete statement of the facts. The only difference on this appeal, so far as the evidence is concerned, is that Giboney Houck, who acted for the defendant in the transaction, testified at the last trial that Feuerhahn told him at the time he delivered the government bonds and the certificate of deposit that, if the debt was not paid by September 30th, the collateral was to be sold or cashed by defendant.   He also testified that, at the time he took the bonds and certificate he did not know that plaintiff made any claim to them; that he had noticed in the paper that Feuerhahn had bought $5,000 worth of Liberty Bonds, and that he thought he was getting a part of the bonds which Feuerhahn had purchased.   There is nothing to indicate that defendant had any knowledge of the defect of Feuerhahn's title to the securities in question.   The facts appear to be that Mrs. Eggimann, the plaintiff in this case, was about seventy-four years of age, and resided at the home of Feuerhahn and his wife.   She and her deceased husband had raised Feuerhahn from boyhood.   After her husband's death she went to live with him.   She had two one thousand dollars government bonds, dated May, 1918, maturing ten years after date, and made payable to bearer.   Feuerhahn obtained possession of a box which plaintiff kept under her bed, and in which she had placed the bonds and certificate of deposit.   The certificate of deposit was made payable to her, and her endorsement thereon was a forgery by Feuerhahn.   Feuerhahn took the certificate of deposit and the two bonds and deposited them as collateral for a debt which he owed defendant.   Feuerhahn testified that the securities were to be returned if the debt was not paid by September 30, 1918, and that defendant was to proceed with an attachment suit which he

213 M. A.—33

had begun but later dismissed when Feuerhahn deposited the securities as collateral. This was denied by defendant's agent, that is that the securities were to be returned.

The defendant asked an instruction in the nature of a demurrer, both at the close of plaintiff's case, and at the close of the whole case, in so far as the government bonds were concerned. There was a verdict and judgment for plaintiff at the second trial for the possession of both the certificate of deposit and the government bonds. We do not understand from this record that defendant is contending that he is entitled to the certificate of deposit which was concededly made payable to plaintiff and her endorsement thereon forged by Feuerhahn. The instructions in the nature of a demurrer were overruled by the court.

Plaintiff requested, and was given one instruction, that one being to the effect, and amounting in substance, to the statement to the jury that, if Feuerhahn took possession of the certificate of deposit and the government bonds without the permission, knowledge, or consent of plaintiff, and pledged them to defendant as collateral security for notes of his own, the verdict must be for plaintiff.

It is clearly evident that this verdict and judgment cannot be permitted to stand. These bonds were negotiable, and payable to bearer. At common law it is the rule, that one who purchases or comes into possession of stolen property, acquires no title thereto except under certain conditions. But an exception to this rule is made as to negotiable paper. Bonds having a legal inception and payable to bearer are negotiable paper, and the purchaser of such bonds, although they have been stolen, acquires a good title thereto as against the true owner, provided he purchased in good faith and for a valuable consideration. [Morgan v. United States, 113 U. S. 476; Wylie v. Missouri Pacific R. Co., 41 Fed. 623; 1 A. L. R. 717.]

There is no suggestion in this record that defendant did not acquire the Government bonds in due course,

without notice and while acting in good faith, and this being so, plaintiff could not recover them. [Downs v. Horton, 287 Mo. 414, 230 S. W. 103.] And even though the bonds were held by defendant as collateral security, yet he held them in due course without notice, and is entitled to the same protection as though he was an absolute bona-fide purchaser. [Merchants' National Bank v. Abernathy, 32 Mo. App. 211; Logan v. Smith et al., 62 Mo. 455; Bank v. Eubanks, 124 Mo. App. 499, 101 S. W. 687.]

Defendant was holding the bonds as collateral security for a valid consideration, and the debt which Feuerhahn owed defendant being in excess of the amount of the bonds, plaintiff was entitled to no part of the same. [Fifth-Third National Bank v. McCrory, — Mo. App. —, 177 S. W. 1058; Johnson v. Grayson, 230 Mo. 380, 130 S. W. 673.]

The Commissioner recommends that the judgment be reversed, and the cause remanded, with directions to enter judgment for the plaintiff for the possession of the certificate of deposit, and for the defendant for the government bonds in question.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed, and the cause remanded, with directions to enter judgment in accordance with the recommendations of the Commissioner. *Allen, P. J., Becker* and *Daues, JJ.,* concur.