## LEWIS, Appellant, v. RHODES.

### Division One, June 14, 1899.

1. **Ejectment**: EQUITABLE DEFENSE: PRACTICE.     Where the answer admits the facts constituting the plaintiff's legal cause of action and sets up other facts of an equitable character in avoidance, the whole case is converted into a suit in equity triable by the court.     But, if the chancellor submits issues of fact to a jury, their finding is only advisory, and the whole case is for review on apppeal.

2. ———: ———: PAROL AGREEMENT TO DEED LAND.     The essential averments of defendant's answer in an ejectment suit were that he with his own money purchased a certain eighty acre tract which he and his wife afterwards deeded to her son, the plaintiff, the title thereto by mistake having at the time of the purchase been taken in her name, and that in consideration of his joining her in a deed conveying the same to plaintiff, she agreed to deed him the land in suit which she then owned, and which he thereupon took possession of and improved.     The suit was by her son, the only heir.     There was no evidence that the eighty acre tract was paid for by him, nor that there was any such specific performance of the parol agreement as to take it out of the statute of frauds.     *Held*, that the judgment should have been for plaintiff, he showing an otherwise good title.

*Appeal from Scotland Circuit Court.*—HON. E. R. McKEE, Judge.

REVERSED (*with directions*).

R. D. CRAMER and EDWARD HIGBEE for appellant.

(1)   The defendant and Mrs. Lewis, plaintiff's mother, were married in 1864.   The land in suit was neither her equitable nor statutory, separate estate; it was conveyed to her by Scotland county in 1863, by an ordinary conveyance, and sold to her under the decree in partition, by sheriff's deed in 1879, without any words excluding the husband's marital interest.   It was not competent for Mrs. Rhodes then to make any contract with her husband concerning this land.   She was laboring under her common law disability and the contract pleaded in the amended answer  is void.   Schaffer v. Kugler, 107 Mo. 58; Richardson v. DeGiverville, 107 Mo. 422; Lindsay v. Archibald, 65 Mo. App. 117; Mueller v. Kaessmann, 84 Mo. 318.   A mere personal executory contract between them is unqualifiedly void.   9 Am. and Eng. Ency. of Law, 791; McCorkle v. Goldsmith, 60 Mo. App. 480. (2)   Nor has the common law disability of the husband been removed, and the contract pleaded in the answer is void. White v. Wager, 25 N. Y. 328; Schaffer v. Kugler, 107 Mo. 63; Mueller v. Kaessmann, 84 Mo. 328; Turner v. Shaw, 96 Mo. 22; Crawford v. Whitmore, 120 Mo. 144.   (3)   Mrs. Rhodes had only a common law estate in this land.   She and her husband were married in 1864.   Section 6869, R. S. 1889  is prospective in  its operation.   Their rights were vested.   Leete v. State Bank, 115 Mo. 184; Arnold v. Willis, 128 Mo. 145; Reed v. Swan, 133 Mo. 107; RoBards v. Murphy, 64 Mo. App. 91; Bartlett v. Roberts, 66 Mo. App. 133. (4)  Tested by the plainest principles obtaining in proceedings to enforce specific performance of parol contracts, the judg-

ment below can not stand.    (a)    There was no satisfactory proof of a contract between Rhodes and his wife.    That proof must be so clear as to leave no room for reasonable doubt in the mind of the chancellor, and the acts done tending to show part performance must be referable solely to the alleged contract.    The undisputed evidence shows that Mrs. Rhodes paid for all improvements.    Rhodes's remaining in possession was not an act of part performance.    Emmel v. Hays, 102 Mo. 194; Rogers v. Wolfe, 104 Mo. 10; Taylor v. Von Schrader, 107 Mo. 206.    The evidence must be clear, forcible, positive and definite.    Ells v. Railroad, 51 Mo. 204.    (b)    Rhodes's continuing on the farm, and any improvements he may have made, are naturally, properly and solely referable to his marital relation and rights and do not constitute a sufficient part performance.    Emmel v. Hays, 102 Mo. 193; Taylor v. Von Schrader, 107 Mo. 228; Cherbonnier v. Cherbonnier, 108 Mo. 254.    Rhodes's marriage canceled all claims for improvements.    Rogers v. Wolfe; 104 Mo. 12.    (5)    The trial court should have rendered judgment for plaintiff, *non obstante veredicto*.    Snell v. Harrison, 83 Mo. 656; Keithley v. Keithley, 85 Mo. 217; Cox v. Cox, 91 Mo. 71; Robinson v. Dryden, 118 Mo. 539; Rosenberger v. Miller, 61 Mo. App. 430.

SMOOT, MUDD & WAGNER for respondent.

VALLIANT, J.—This is an action of ejectment for 80 acres of land in Scotland county.

The answer of defendant admits that he is in possession of the land and that plaintiff holds the legal title by inheritance from his mother, who was the wife of defendant.    It then pleads as an equitable defense that in 1866 or 1867, defendant purchased a certain other eighty acres and paid for the same with his own means, but that by inadvertence or mistake, the deeds were made to his then wife, the plaintiff's mother, and that afterwards she desiring to deed the land last

mentioned to the plaintiff, her son by a former marriage, agreed with defendant that if he would sign the deed so to be made to her son she "would deed the lands described in plaintiff's petition to this defendant, or fix it so he would have the ownership of the same;" that relying on that agreement, defendant on 24th of February, 1893, joined his wife in a deed of the eighty acres above mentioned to the plaintiff, and immediately took possession of the land now sued for, built a barn on it that cost $100, and made other improvements and lived on it with his wife until her death in November, 1896.

The reply is a general denial.

Upon the trial the court over the objection of the plaintiff submitted the issues to a jury, whose verdict was for the defendant, and judgment accordingly. After motion for new trial, etc., the cause is here on plaintiff's appeal.

I. The answer admitting the facts constituting the plaintiff's legal cause of action, and setting up other facts of an equitable character in avoidance, converted the whole case into a suit in equity triable by the court as in chancery. [Hodges v. Black, 8 Mo. App. 389; s. c., affirmed, 76 Mo. 537; Allen v. Logan, 96 Mo. 591; McCollum v. Broughton, 132 Mo. 601.]

A chancellor may if he sees fit to do so, submit issues of fact to a jury, but in such event the finding of the jury is only advisory. When the cause comes up on appeal for review this court must find the facts from the evidence as it would where the chancellor tries the case without the assistance of a jury.

II. There are several propositions assigned as error, relating to instructions given and refused, but it will be unnecessary to consider them, because the evidence does not sustain the material allegations of the answer. Perhaps it would not be going too far to say that the evidence of defendant does not even tend to prove the parol contract set up in his answer.

Certainly the decided weight of the whole evidence is against him.

The essential averments in the answer are that defendant with his own money purchased the eighty acres which in February, 1893, he and his then wife deeded to the plaintiff, the title to which by mistake had been taken in her name, and that in consideration of his joining his wife in that deed to her son she agreed to deed him the land in suit, which she then owned, and which he thereupon took possession of and improved.

The most that can be claimed for defendant's testimony is that it tended to prove that he married the widow Lewis about 1864, they lived for a year or so on a 40 acre tract which he owned in Schuyler county, when he sold his land for $400 and they removed to the 80 acres now sued for, which she owned at the time of their marriage, and on which she lived to the time of her death in 1893, and where he also lived except for several years when he separated from her; that on her deathbed she admitted that she owed him about $400, and then said that she was going to deed him the south forty acres of the land in suit and her son the plaintiff the north half; that in 1893 when defendant joined his wife in the deed conveying to plaintiff the eighty acres he now claims was his, they told him that if he would sign it he should have a home there, that is on the land in suit, as long as he lived; there was nothing said about his having paid for the land or having put any money in it.   There was no evidence tending to prove that defendant bought or paid for the eighty acres deeded to plaintiff or that any money of his was used in the purchase. The only interest that he appeared to have was that which the law gave him as husband of the owner, and there was no issue of that marriage.

The plaintiff introduced in evidence the record of the Scotland circuit court in a suit in which the children of James Lewis by a former marriage were plaintiffs, and this

plaintiff and his mother and this defendant, who was then her husband, were defendants, wherein it was decreed, in 1879, that the eighty acres which defendant in his answer claims were his were, together with other land mentioned in the decree, the property of James Lewis in his lifetime and descended to his children the plaintiffs in that suit and the plaintiff in this, subject to dower in this plaintiff's mother and to a charge of $404 in her favor paid by her in 1863 (before her marriage to defendant) on the purchase money. Also a sheriff's deed under a partition suit between the same parties, dated November 17, 1879, to plaintiff's mother for the same land.

Plaintiff's further testimony tended to prove that at the time of his mother's marriage to defendant she was receiving a pension as the widow of his father and it was with money on hand from that source that she built the house on the land in question and made the improvements; that at the time defendant joined his wife in the deed to plaintiff in 1893, no promise was made him; he was living on the place then with his wife, who owned it, and continued to live there afterwards in the same manner as before, and whilst he assisted in the building of the barn mentioned in his answer, yet he did very little, and paid nothing on it. It was built with material and labor paid for by plaintiff's mother; defendant was not able to do much and what little he did was as might be expected of one in his condition, living on his wife's farm.

The evidence on the part of defendant, even if it were uncontradicted, is not sufficient to sustain the essential averments of his answer. There is no proof that the eighty acres he claims to have owned were his; the testimony tending to prove a promise that he should have a home on the land in suit does not tend to prove his averment that the land was to be deeded to him; the testimony tending to prove that on her deathbed in 1896 she promised to deed him forty acres, does not tend to prove the alleged agreement of 1895 to deed him the whole tract, nor does it purport to rest on the same con-

sideration, and there is no testimony tending to prove such a part performance of the alleged parol agreement as to exempt it from the statute of frauds. The court should have found for the plaintiff on the issues joined, and notwithstanding the verdict should have given judgment for plaintiff for the possession of the land and reasonable rents and profits as shown by the evidence.

Since the plaintiff's counsel in his brief waives a judgment for rents and profits there will be no necessity for an inquiry on that point.

The judgment of the circuit court is reversed and judgment is entered here for the plaintiff for the possession of the land in suit, and one cent damages and one cent per month rental value of the property until possession is delivered, and costs. All concur.